*R. Vaile* and *H. A. Brouse*, for appellant.

CARSON v. McPHETRIDGE.

The disabling provision in § 2, Art. 6, of the new Constitution, which ordains that "no person shall be eligible to the office of clerk, recorder, or auditor, more than eight years in any period of twelve years," literally applies to periods of time under the new Constitution, and not to terms of office.

The tenth subdivision of the schedule to the new Constitution, construed in reference to the disabling clause in § 2 of Art. 6, aided by a recurrence to the history of the time of the adoption of the new Constitution, shows that it was the intention of the convention which framed it, that those officers who held over under the new, should be regarded as doing so by virtue of their popular election under the old Constitution; and that such holding, as to term, should be regarded as a holding under the new Constitution.

The time served under the new Constitution, pursuant to an election under the old, must be regarded as a part of the eight years to which a clerk is limited under the former.

The limitation to eight years, in § 2 of Art. 6 of the new Constitution, does not embrace time served in either of the offices named in said § 2, under a *pro tem.* appointment, or a simple holding over to fill a vacancy, according to the provisions of § 11, Art. 2, of the same.

The term "eligible," as used in the new Constitution, relates to the capacity of holding, as well as to the capacity of being elected to an office.

As the disability in this case was one of which the voters were bound to take notice, and a general election, fixed by law, is not vitiated by a failure of the officer to make the publication required by law, the successor, fairly elected, is entitled to the office.

Nov. Term,
1860.

CARSON
v.
McPHET-
RIDGE.

Wednesday,
December 12.

APPEAL from the *Monroe* Circuit Court.

PERKINS, J.—*McPhetridge* was elected clerk of the *Monroe* Circuit Court, in 1845, for the term of seven years. On *November* 1, 1851, the new Constitution of the State took effect, being about a year before the expiration of the term for which *McPhetridge* had been elected.

At the *October* election, in 1852, *McPhetridge* was re-elected clerk for the term of four-years.

At the *October* election, in 1856, he was again elected clerk, as he claims, for the term of four years, which would expire in 1860.

At the *October* election, 1859, *Carson* was voted for, for clerk, and, as he claims, elected the successor of *McPhetridge*, with the right to take immediate possession of the office.

He insists that the right of *McPhetridge* to hold the office ceased at the expiration of eight years, from *November* 1, 1851; being one year before the expiration of the term of four years for which he claimed to have been last elected. *Carson* insists that the new Constitution effected such curtailment of his term.

Section 2 of Art. 6 of that instrument ordains, that there shall be elected, in each county, by the voters thereof, at the time of holding general elections, a clerk of the Circuit Court, &c., who shall continue in office four years; and further, "and no person shall be eligible to the office of clerk, recorder, or auditor more than eight years in any period of twelve years."

*McPhetridge* contends that this clause of the Constitution applies only to time and terms of office filled by election after the new Constitution took effect. *Carson* contends that it applies to time and terms actually served after the new Constitution came into operation, though under elections which took place under the old Constitution.

The question has been thoroughly discussed by counsel, upon general principles, but no authority bearing upon it has been cited; and we have patiently considered it, with a frequent vibration of opinion, and now come, with some hesitation, to a final conclusion.

Literally, the disabling provision applies to periods of time, not to terms of office; and, of course, it applies to time under the present Constitution, of which it is a part, as it specifies no other. It says "no person," not no such person as has been elected under the new Constitution, &c., shall, &c. But we can not determine its meaning by a reference to the section alone of the Constitution in which it is found; because, from that section, we can not know that any person will hold office under the new Constitution by any other mode than election, at the general elections the section refers to. We must, then, look to other sections of the Constitution.

It is provided in the schedule as follows:

"*Tenth.* Every person elected by popular vote, and now in any office which is continued by this Constitution, and every person who shall be so elected to any such office before the taking effect of this Constitution, (except as in this Constitution otherwise provided,) shall continue in office until the term for which such person has been or may be elected, shall expire: *Provided*, that no such person shall continue in office, after the taking effect of this Constitution, for a longer period than the term of such office in this Constitution prescribed."

How is this provision to be construed in reference to the disabling clause contained in § 2 of Art. 6, above quoted? A recurrence to the history of the time of the adoption of the Constitution may slightly aid in answering this inquiry. A portion of the officers, under the old Constitution, held by popular election, and a portion by mode of appointment. The terms of some of the officers, also, were somewhat lengthy. One object of the new Constitution was to make all, or nearly all, the officers elective by the people, and to shorten the terms of office. Influenced by these views, the convention provided, in the subdivision of the schedule quoted, that those persons, then in an office continued in the new Constitution, who had come in by popular election, the mode adopted by that Constitution for filling the offices, should continue to hold under that Constitution, as they had been brought into office by the popular mode prescribed by it; but subject to the doctrine of supposed reform, by short-

ening the terms of office, upon which the convention were acting. Hence the provision, that the officers of whom we are speaking should be limited to two and four years, the terms under the new Constitution.

Hence, also, the absence, in the Constitution, of a provision continuing in office those who had not come· in by popular election. ·

By these considerations, we are led to the conclusion, that it was the intention of the Constitutional Convention, that those officers who held over under the present Constitution, should be regarded as doing so by virtue of their popular election, and not of appointment by the convention; and that such holding should be further regarded, as to term, as a holding under the limitations of the present Constitution. See *Jones* v. *Cavins,* 4 Ind. 305; *The Governor* v. *Nelson,* 6 *id.* 496; *Coffin* v. *The State,* 7 *id.* 157.

The next question is, must the time served under the new Constitution, pursuant to an election under the old, be reckoned as a part of the eight years to which a clerk is limited by the new Constitution? It might be difficult to so decide upon § 2 of Art. 6 alone; but it would seem that it was the intention of the convention that it should be so reckoned. That body, by the Constitution, had limited the clerk to eight years of continuous service; but there was a provision in the Constitution, to meet a contingency that might happen, requiring a *pro tem.* appointment to fill a vacancy in such office; and the convention seemed to have been of opinion that the limitation to eight years of service would embrace such time of *pro tem.* service as a part of the eight years; and hence, as they did not so intend, they ordained an express exception in § 11 of Art. 2, which is in these words, viz.: "In all cases in which it is provided that an office shall not be filled by the same person more than a certain number of years continuously, an appointment, *pro tempore,* shall not be reckoned a part of that term."

They also expressly provided for the case of holding over till a successor was elected, &c., to prevent a temporary vacancy. ·

Now, the clause just quoted from § 11, has more than the

weight of a simple exception to a general rule, implying, of course, that cases not specially excepted are to be governed by it. It furnishes, by its language, a clear exposition of what the convention meant by § 2 of Art. 6; it shows that the limitation, the disability imposed, attached to period of service under the new Constitution, not to terms of election. It, in effect, declares, that that section means that "an office shall not be filled by the same person more than a certain number of years continuously," under this Constitution; and then excepts *pro tem.* appointments, and cases of holding over to prevent vacancies. But, as we have seen, those officers who continued under the new from the old Constitution, by virtue of their popular elections, are not considered as holding by *pro tem.* appointments, or a simple holding over to prevent a vacancy; and hence, do not fall within the exceptions.

The term eligible, as used in our Constitution, relates to capacity of holding, as well as capacity of being elected to, an office.

The fact that the effect of this construction will be to terminate the holding of a portion of the first occupants, under the new Constitution, in the middle of a term, we do not think is entitled to much weight. It produces no greater inconvenience than death, removal, or resignation is frequently doing, and is as well provided for as such cases are. Suppose the Constitution rendered a person ineligible to hold an office after he had arrived at a certain age, say sixty years, he might be elected at fifty-nine, and serve a year, and then be compelled to vacate his office.

As the disability in this case was one of which the voters were bound to take notice, and a general election, fixed by law, is not vitiated by a failure of the officer to make the publication required by statute, the successor, fairly elected, is, under the decision in the case of *Gulick* v. *New*, 14 Ind. 93, entitled to the office. See P. S. to Letter XIX of Woodfall's Junius.

It may be observed, that the question in this case is not one of prospective or retrospective operation of the Constitution, but one as to the meaning of, or the subject matter to which, a particular clause applies. It is prospective in its operation, with either meaning or application; prospective as to time of service in one case, or to time of election in the other.

Nov. Term,
1860.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for further proceedings, in accordance with this opinion.

