Nov. Term,
1861.

WALKER *v.* DUNHAM, SECRETARY OF STATE.

WALKER:
v.
DUNHAM.

The act of *March,* 1859, fixing the time and mode of electing a State printer, &c., (Acts 1859, p. 143,) was intended to fix the prices to be paid for the public printing thereafter to be done, whether by the State printer then in office, or by those to be elected under the provisions of that act; and the title of the act was sufficient to authorize such legislation under it.

The act is not obnoxious to the objection that it contains more than one subject, and matters properly connected therewith, as the Legislature may well, in one act, define the duties and fix the compensation of an officer, and provide for the future filling of the office.

The State printer is an officer, and the compensation and duties of an officer may be increased or diminished, in the absence of constitutional restrictions, at the pleasure of the Legislature.

| 17 | 483 |
| 129 | 302 |
| 17 | 483 |
| 137 | 561 |
| 17 | 483 |
| 142 | 186 |
| 17 | 483 |
| 152 | 16 |
| 17 | 483 |
| 157 | 456 |
| 17 | 483 |
| 161 | 233 |
| 17 | 483 |
| 165 | 195 |

APPEAL from the *Marion* Circuit Court.

WORDEN, J.—In *January,* 1859, *Walker* was duly elected State printer, gave bond, and entered upon the duties pertaining to the office.

Afterward, in *March,* 1859, the Legislature passed an act entitled "An act fixing the time and mode of electing State printer, defining his duties, fixing compensation, and repealing all laws coming in conflict with this act." Acts 1859, p. 143. By this act, the prices to be paid the public printer for printing are reduced below those established by the law in force at the time *Walker* was elected and gave bond.

The question presented by this record is, whether *Walker* is entitled to be paid for printing done after the act of *March,* 1859, took effect, according to the law in force at the time of his election, or whether the price is to be regulated by the act of 1859. The Court below held that the act of 1859 governs in this respect.

There can be no mistake as to the intention of the Legislature in this respect. The second section of the act in question provides, that "The prices to be paid the public printer, *from and after the taking effect of this act,* are hereby established as follows," &c. An emergency was declared, and the act took effect from its passage. It is clear, from the terms of the act, that the Legislature intended to fix the prices to be paid the printer then in office, for work done thereafter,

*Friday,*
*December* 13.

as well as the prices to be paid any future public printer. Looking to the language of the act, it can not be held prospective merely, in that sense that would apply it to a future, and not to the then present, public printer. It is prospective, undoubtedly, in reference to the printing. It fixes the prices to be paid for printing thereafter to be done, by whomsoever the work may be performed. Two points, however, are made that require careful consideration.

*First.* That the title of the act is not sufficient to admit legislation under it, fixing the prices to be paid the public printer then in office.

*Second.* That the Legislature could not, as to the appellant, diminish the prices as established by law at the time he took the office, and gave bond; as that would be a violation of the contract entered into between him and the State.

We have seen that the title is, "An act fixing the time and mode of electing State printer, defining his duties, fixing compensation, and repealing all laws coming in conflict with this act."

It is claimed that this title is not sufficient to authorize legislation in reference to the then incumbent of the office because its terms apply only to the person to be elected under the provisions of that act; in other words, that the title purports only to define the duties and fix the compensation of State printers to be elected as provided for in the act. We do not, however, so read the title. The office of State printer was one known to the law at the time, and we think the pronoun "his," as used in the title, embraces that officer generally, whether then in office, or to be thereafter elected. With this reading of the title, it is large enough to embrace legislation fixing the compensation and defining the duties, as well of the present, as of future State printers. Nor is the act obnoxious to the objection that it contains more than one subject, and matters properly connected therewith. The Legislature may well, in one act, define the duties and fix the compensation of an officer, and provide for the future filling of the office.

The second point we think, also, is not well taken. The State printer is an officer. *Ellis* v. *The State*, 4 Ind. 1.

The compensation and duties of an officer may be increased
or diminished, in the absence of constitutional restrictions,
at the will of the Legislature. *Gilbert* v. *The Board of* 

*Commissioners*, *&c.*, 8 Blackf. 81. But it is insisted that the
State printer is in a position different from that of an officer
merely; that he stands in the light of a contractor, being
required to enter into a bond conditioned for "the prompt,
accurate and workmanlike execution of the public printing,
and the faithful performance of all the duties required of
him by law." That while he is thus bound for the execu-
tion of the public printing, the State is also bound to him
for the prices fixed by law at the time his bond is given.
A fair test of this question would be to ascertain whether
or not he could resign the office, and thereby discharge him-
self from the obligation of his bond. If he could do so, it
shows that his position is that of an officer merely. There
can be no doubt but that a resignation of the office, the
bond not being broken during his continuance therein,
would discharge him, like any other officer, from liability.

*Per Curiam.*—The judgment below is affirmed, with costs.

*S. Major*, *J. E. McDonald* and *A. L. Roache*, for the
appellant.

*C. L. Dunham*, for the appellee.