WALKER *v.* PEELLE, Secretary, &c.

It was the intention of the Legislature, by the act of 1859, on the subject of State Printer, to shorten the term of office of said officer, and the Legislature had the constitutional power to make such change.

APPEAL from the *Marion* Circuit Court.

HANNA, J.— *Walker* filed a complaint, to which a demurrer was sustained, averring that on the 18th of *January*, 1859, he was elected State Printer, for the term of three years next following his said election; that he immediately qualified, entered into bond as required, &c., and proceeded to the discharge of the duties, &c.; that he has hitherto performed, and is now ready to perform, &c.; that on the 11th day of *March*, 1861, he notified said defendant, who is the Secretary of State, of his readiness and willingness to perform said printing as it was his right; but that the defendant, although there was a large amount, to-wit: &c., of work to be done, refused to deliver the same to said plaintiff. Prayer for a mandate, or that he show cause.

By the law in force at the time, and long after, *Walker* was elected and entered upon the duties of his said office, the term thereof was three years. Art. 6, Chap. —, R. S. 1843.

In *March*, 1859, there was enacted a statute which provides, among other things, "that there shall be elected, biennially, counting from the month of *January*, 1861, by, &c., a State Printer, who shall serve for two years next from and after his election and qualification," who shall within twenty days enter into bonds, &c. Acts 1859, p. 148.

The questions brought to our notice are, first, as to whether, upon a just interpretation of this statute, it was intended to shorten the term of office of the plaintiff; and second, if so, did the Legislature possess the right to do so ?

Walker *v.* Peelle, Secretary, &c.

The statute fixes the time from which the two years terms shall be counted, namely, from the month of *January*, 1861. This would be about one year before the expiration of the three years after the election of *Walker*. If the term commences then at the end of the month of *January*, 1861, it would end at the same time in 1863. If *Walker* held the whole three years the term of his successor could not commence until the first year after *January*, 1861, had expired. This could not have been the intention, because it is, in effect, enacted, that a Printer shall be elected every second year. That the term shall commence from *January*, 1861, and extend from that date. Under this statute the Legislature will be authorized to elect an officer in 1863, whose term may commence from *January*. Therefore, if *Walker* could hold three years, his immediate successor could hold but about one year. As it is shown that *Walker* had been elected but a short time before the passage of this law, it is therefore manifest that it was intended thereby to abbreviate his term to correspond with that fixed for his successor.

Upon the second point, as to the power of the Legislature to make such enactments, we do not propose to spend much time. We suppose, as the office was created by that body, that it is, in this particular, under its control. See 2 Par. on Cont. p. 512; *Walker* v. *Dunham*, 17 Ind. p. ——.

*Per Curiam.*—The judgment is affirmed, with costs.

*McDonald & Roache*, and *S. Major*, for the appellant.

*Harrison & Fishback*, for the appellee.