*S. Claypool* and *W. R. Harrison*, for appellant.
*C. A. Ray* and *J. M. Davidson*, for appellee.

———•———

## PRICE *v.* BAKER, GOVERNOR.

ELECTION.—*Ineligible Candidate.*—*Candidates for Different Offices.*—*Ballots Counted for the Office for which they are Cast.*——Where a majority of the ballots at an election are given to a candidate who is not eligible to the office, the ballots so cast are not to be counted for any purpose. They cannot elect the ineligible candidate or defeat the election of the opposing candidate by showing that he did not receive the majority of the votes cast at such election.

It follows that the eligible candidate will receive the office, although less than a majority of the votes are cast for him. But this rule does not apply where two or more persons are candidates for different offices. Accordingly, although the office of one prison director is the same as that of another prison director, except it may be with reference to the time of election and the term for which he is to serve, still when one has been elected to succeed a designated person in such office, he cannot act as the successor of another in the same body, on the ground that the person who has been elected to succeed the other is ineligible.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—This was a proceeding by mandate, instituted by the appellant against the appellee, as governor of the State, to compel him to issue to the appellant a commission as a director of the state prison at Jeffersonville. The governor made return to the writ, and the appellant demurred to the return, for the reason that it did not state facts sufficient to constitute a defense to the action. This demurrer was overruled, and the plaintiff excepted. A reply by general denial was filed by the plaintiff, and the cause was tried by the court; there was a finding for the defendant; a motion for a new trial, made by the plaintiff, for the reason that the evidence was not sufficient to sustain the finding of the court, was overruled, and final judgment was rendered for the defendant.

The errors assigned are in overruling the demurrer of the plaintiff to the return, and in refusing to grant him a new trial.

It is conceded by counsel for the appellant that, whether the case is to be decided upon the demurrer to the return, or upon the motion for a new trial, the question to be determined is the same. The facts of the case, so far as necessary to be stated for a correct understanding of the question involved, can be stated without reciting the pleadings at length. By the act of February 5th, 1857, 1 G. & H. 464, the board of directors of the prison consists of three members; and at the first election under the act, two of the number were to be elected for four years, and one for two years; and at the expiration of each full term, successors were to be

elected for a term of four years. The first election under the act was held in 1859. If a vacancy occurred before the expiration of any term, it was to be filled, and such incumbent would serve until the expiration of the term of the person whose vacancy he filled. *Baker* v. *Kirk*, 33 Ind. 517. At the session of the legislature in January, 1871, the board of directors consisted of Robert S. Heiskell, who had been elected by the legislature in April, 1869, at the special session, to complete the term of M. T. Ghee, who was elected in January, 1867; George C. Clark, who had been appointed in October, 1870, by the governor, to serve out the unexpired term of Fletcher M. Meredith, who was elected in January, 1867; and William W. Curry, who was elected in January, 1869, and who consequently had two years yet to serve.

It thus appears, and the fact is conceded by counsel for the appellant, that at the session of the legislature in 1871, there were two, and only two, directors to be elected. The facts as agreed upon, and used as evidence on the trial of the cause, state that at the session of 1871, as shown by the house journal, when the two houses were in joint convention, for the purpose of electing directors for the state prison south, and for other purposes, the lieutenant governor announced the next thing in order to be the election of directors of the southern state prison, and Senator Brown moved that the convention proceed first to the election of a director to fill the vacancy occasioned by the expiration of the term for which Mr. Meredith was elected in 1867, which was agreed to. Levi Sparks and George C. Clark were each put in nomination for that office. The roll was then called, and Sparks received seventy-eight votes and Clark seventy-one votes; and Levi Sparks having received a majority of the votes cast, the president of the senate declared him duly elected to the office of director of the southern state prison for the term of four years. Senator Brown then moved that the convention proceed to the election of director of the state prison to fill the vacancy occasioned by the expiration of the term for which Mr. Ghee was elected in 1867, and thereupon

Senator Green offered a protest and resolution, declaring that at the last regular session, 1869, W. W. Curry was duly elected for the term of four years, and at the special session afterward, Robert S. Heiskell was duly elected also a director; "therefore, be it resolved, that in the opinion of this convention, but one vacancy now exists to be filled at this time." This was not agreed to, but Senator Brown's motion was agreed to; and Mr. Simpson, of the convention, put in nomination for that office John Kirk; and there being no further nominations, the clerk proceeded to call the roll, and twenty-five senators and fifty members of the house, making in all seventy-five members of the convention, voted for said Kirk; and twenty-four senators and forty-seven members of the house, making in all seventy-one members of the convention, were present, but declined to vote. So Kirk, having received a majority of all the votes, the lieutenant governor declared him duly elected director of the southern prison, for the term of four years, in case a vacancy existed to be filled by the General Assembly.

The lieutenant governor then announced the next thing in order to be the election for the third director of the southern prison; whereupon Senator Hughes put in nomination Edward Price for that office, it being to succeed, as the journal recites, Mr. Heiskell, one of the present incumbents. There being no further nominations, the clerk proceeded to call the roll; twenty-five senators voted for Edward Price, and fifty-three members of the house, making in all seventy-eight votes; and twenty-four senators and forty-seven members of the house, making in all seventy-one, were present, and declined to vote. Mr. Price having received a majority of all the votes cast, the lieutenant governor declared him duly elected director for the southern state prison, in case a vacancy is found to exist. The senate journal of the proceedings of the joint convention shows the same facts, except that it shows that Price was put in nomination to fill the place then occupied by Mr. Curry. The principal secretary of the senate and the principal clerk of the house certified to the

governor that Sparks was elected for four years, to fill the vacancy occasioned by the expiration of the term for which Mr. Meredith was elected in 1867; that Kirk was elected for the same term, to fill the vacancy occasioned by the expiration of the term for which Mr. Ghee was elected; and that said Price was elected for the term prescribed by law, without saying whom he was to succeed. The governor immediately commissioned Sparks, and he qualified, and discharged the duties of the office until he was superseded, as hereinafter stated. But the governor declined to commission Kirk, and did not do so until after the decision of this court in the case of *Baker* v. *Kirk*, 33 Ind. 517. After that decision, Kirk was commissioned, qualified, and entered upon the discharge of the duties of the office. The governor refused to commission Price, on the ground that there was no vacancy in the office to which he was elected.

In May, 1869, Sparks was elected mayor of the city of Jeffersonville, a city incorporated under the general law of the State, for two years, and was qualified, and took upon himself the discharge of the duties of that office. At the same time of the election of Sparks as mayor, a city judge was elected for the same term, in pursuance of a previous order of the common council for the election of such judge, and the said city judge was qualified, and took upon himself the duties of the office of city judge for said city. Sparks was acting as mayor at the time when he was elected director of the prison. Afterward, while Sparks was acting as director, under the commission so issued to him, he was again, in May, 1871, elected to the office of mayor of said city of Jeffersonville, accepted the office, qualified, and entered upon the discharge of his duties as such.

On the 22d day of May, 1871, the governor appointed and commissioned Robert S. Heiskell director of the prison, in place of Sparks, on the ground that Sparks had, by being or becoming mayor of said city, vacated the office of director. Heiskell qualified, and entered upon the discharge of his duties as director. See the case of *Howard* v. *Shoemaker,*

35 Ind. 111, where it was held by this court that Sparks had vacated his office of director, and that Heiskell was therefore properly appointed by the governor.

It is conceded by counsel for the appellant that there were but two vacancies to be filled in the board of prison directors, at the session of the legislature in 1871, and these were in the directorships to which Meredith and Ghee had been elected in 1867. But it is claimed that Sparks was ineligible to the office of director, because, at the time of his election, he was mayor of Jeffersonville; that the office of mayor is a judicial office, and that Sparks was therefore ineligible, under section 16, article 7, of the constitution of the State, to the office of director, or any other than a judicial office, during the term for which he had been elected; and that therefore Price should have been commissioned, and should have had the office of director, instead of Sparks.

The question whether the office of mayor, where there is a city judge, is a judicial office or not, was presented to this court in the case of *Howard* v. *Shoemaker, supra,* and, as it was not necessary to the determination of that case that it should be decided, and as the judges were not all of one opinion with reference to it, the case was disposed of upon other grounds. In the case under consideration, it seems to us unnecessary to decide the question, for the reason that we have come to a conclusion unfavorable to the appellant, on another vital point in the case.

It is a principle of law well settled in this State, that where a majority of the ballots at an election are given to a candidate who is not eligible to the office, the ballots so cast are not to be counted for any purpose. They cannot be counted to elect the ineligible candidate, or to defeat the election of an opposing candidate by showing that he did not receive a majority of the votes cast at such election. They are regarded as illegal, and as having no effect upon the election for any purpose. As a consequence, it follows that the candidate who is eligible, having the highest number of legal

votes, though that number may be less than the number of votes cast for the ineligible candidate, and less than a majority of all the votes cast at such election, is entitled to the office. *Gulick* v. *New*, 14 Ind. 93. But this rule is applicable to those cases only where different persons are candidates for the same office, and it has no application to cases where two or more persons are candidates at the same election for different offices. To apply the rule in such a case would be to put a party into an office for whom, as a candidate for that office, none of the electors had voted. It is true that the office of one prison director is the same as that of the others, except it may be with reference to the time of election and the term for which he is to serve. But we think it must be held that when one has been elected to succeed a designated person, he cannot act as the successor of another in the same body, on the ground that another who has been elected to succeed such other person was ineligible to the office.

There is some uncertainty, as it appears, in the journals of the two houses, as to the person whom Price was intended to succeed. The house journal states that he was to succeed Heiskell, while the senate journal says he was to succeed Curry. The convention had already elected Kirk to the directorship which was held by Heiskell, who, as we have seen, was filling out the term for which Ghee had been elected in 1867. It is clear, however, that Price was not elected to the directorship which had been held by Meredith, and by Clark, who was filling out his term by appointment of the governor. Should we hold, then, that Price could have the directorship to which Sparks was elected, on account of his being ineligible, we should put him in an office for which he received no votes. It seems to us that there are substantial reasons, in addition, why this cannot be done. In making up a board of prison directors, it may well be supposed that the legislature would, in the choice of the members, select them with regard to their residence, age, experience, and their peculiar talents or fitness for the place, so as to combine in the board all the elements and characteristics best calcu-

lated to take care of the interests of the State and of the convicts. Curry, Sparks, and Kirk might combine all the essential elements of a good board, while Curry, Kirk, and Price, with equal or superior talents, in the aggregate, might not constitute such a board as the legislature would have elected.

In *The King* v. *Smith*, 2 M. & S. 406, the facts were that the borough of Wotton Basset consisted of a mayor, two aldermen, and twelve capital burgesses out of whom the mayor and aldermen were chosen, and the capital burgesses were chosen by the mayor, aldermen, and capital burgesses. At a corporate meeting, one Starkey made a pretended resignation of the office of capital burgess, and Smith was elected in his place, and sworn in. Starkey, at the time of his resignation, was an alderman, having been elected and sworn in as such at a former meeting, and had thereby vacated his office of capital burgess; and the number of capital burgesses was complete at the time of the meeting at which Starkey resigned, and Smith was elected in his place. In a *quo warranto* against Smith, for exercising the office of capital burgess, he showed for cause that, at the same meeting, Kibblewhite, then a capital burgess, was elected and sworn in an alderman, and thereby vacated his office of capital burgess, and while such vacancy continued, the defendant, Smith, was elected, and sworn in a capital burgess; but it was not shown that he was elected to fill up such vacancy, nor was it denied that he was elected to fill the vacancy supposed to be made by the pretended resignation of Starkey. His counsel contended that, there being an actual vacancy at the time of the defendant's election and swearing in, his title should be referred to that vacancy which did exist, so as to make him a burgess *de jure*, as well as *de facto*, although he was chosen upon a supposed vacancy which did not exist. The court said that it was clear they elected Smith to fill up the supposed vacancy of Starkey, and no other, and, that being so, his election could not be referred to the vacancy of Kibblewhite; for it might have made a very material difference in

the choice of the electors, if they had known that they were supplying any other vacancy than the supposed vacancy of Starkey. The same person who, in their judgment, might be fit to succeed him, might not have been selected in place of the other. It might be thought material to preserve a proportion between corporators of different descriptions or influence in the corporate body, which would make a consideration of the vacancy very important in the choice of a successor.

The reasoning in this case is quite applicable to the case under consideration. We are of the opinion that there was no error committed by the circuit court in its rulings in the case.

The judgment is affirmed, with costs.

*S. Claypool* and *W. R. Harrison,* for appellant.

*C. A. Ray* and *J. M. Davidson,* for appellee.

