JEFFRIES v. ROWE.

TOWNSHIP TRUSTEE.—*Eligibility to Office of.*—*Construction of Statutes.*— *Township Elections.*—The act of March 12th, 1877, " limiting the eligibility to the office of township trustee," Acts 1877, Spec. Sess., p. 79, is not in conflict with the act of March 3d, 1877, providing " for township elections," Acts 1877, Reg. Sess., p. 58; and both acts should be construed as though the former act were an additional section of the latter.

SAME.—*Contested Election.* – A township trustee who had held the office of township trustee for two consecutive terms immediately preceding the first Monday of April, 1878, was not eligible to re-election on that day, though his last term had not continued for the two years for which he had been elected.

SAME.—The term " hereafter," as used in said act of March 12th, 1877, refers to and means the time after the taking effect of such act.

From the Posey Circuit Court.

*A. P. Hovey, G. V. Menzies* and *E. M. Spenser,* for appellant.

*W. P. Edson, H. C. Pitcher* and *M. W. Pearse,* for appellee.

BIDDLE, J.—Proceedings to contest an election to the office of township trustee.

The appellant, who is contestor, filed his written statement against the appellee, who is contestee, before the county auditor, stating the grounds of contest.

After alleging the facts showing his eligibility to hold the office, he avers, that, at the April election, in the year 1878, the contestor and contestee were opposing candidates for the office of township trustee for Black township, in said county ; that the contestee at said election received five hundred and ninety-one votes, and the contestor received five hundred and eighty votes ; that the inspectors of said election declared the contestee duly elected ; that the contestee at the time was ineligible to hold said office, for the reason that he had held the said office in said county and State during two consecutive terms, before the 1st day of April, 1878 ; that said contestee was duly elected trustee of said township on the 8th day of October, 1872, and was duly quali-

fied as such trustee, under said election ; that said contestee was duly elected to the same office on the 13th day of Ocber, 1874, and was duly qualified accordingly; that said contestee was again duly elected to said office on the 10th day of October, 1876, and was duly qualified; and that said contestee, since the 21st day of October, 1872, has held, enjoyed and exercised the duties of said office of trustee of said Black township, up to the filing of this statement, and still holds and claims said office by virtue of said election so held on the 1st day of April, 1878.

Prayer that the contestor be declared duly elected to said office, and that the same be certified accordingly.

Before the board of commissioners, the contestee filed his demurrer to the statement of the contestor, upon the ground of the insufficiency of the facts stated to constitute a cause of contest, which demurrer was overruled. The contestee declined to answer further, and the board of commissioners adjudged that the contestor was duly elected to said office, and was entitled to his certificate of election as such trustee.

From this judgment the contestee appealed to the circuit court, wherein the demurrer was sustained, and the contestee adjudged duly elected to said office, and that a certificate of his election be issued accordingly; to all of which the contestor excepted, and appealed to this court.

The eligibility of the contestee to hold the office in contest depends on the construction of the acts of March 3d, 1877, and March 12th, 1877. Acts 1877, Reg. Sess., p. 58, and Spec. Sess., p. 79.

Section 1 of the act of March 12th is in the following words :

" That any person who has held the office of trustee of any township in this State for two terms consecutively, at the date of the next general election in October, 1878, shall not be eligible to said office for the next ensuing

term, and that hereafter no person shall be eligible to the office of township trustee, more than four years in any period of six years." Acts 1877, Spec. Sess., p. 79.

Township trustees are not created by the constitution. They are the creatures of the law. Constitution, art. 6, sec. 3.

Offices created by the Legislature may be abolished by the Legislature. The power that creates can destroy. The creator is greater than the creature. The term of an office may be shortened, the duties of the office increased, and the compensation lessened, by the legislative will. *Gilbert* v. *The Board of Commissioners, etc.,* 8 Blackf. 81; *Ellis* v. *The State,* 4 Ind. 1; *Walker* v. *Dunham,* 17 Ind. 483; *Walker* v. *Peelle,* 18 Ind. 264.

By these principles and authorities, the question before us must be tested.

Statutes are generally to be construed prospectively, but they may have a retrospective effect, when the legislation plainly intends they should, and no vested rights are disturbed thereby.

But the statute before us has no retrospective effect, when applied to the agreed statement of facts. It acts upon facts in existence at the time it went into effect. The plain meaning of it is, that any person who had, at the date of the general election in October, 1878, held the office of township trustee two consecutive terms, immediately before, should not be eligible to hold the office the next ensuing term. The fact, that the time of holding the election for township trustees had been changed from the month of October to the month of April, can make no difference; and the fact, that the contestee was eligible to hold the office at the time he was elected, will not authorize him to hold it after he became ineligible, although it shortened his official term. Offices are neither grants nor contracts nor obligations which

can not be changed or impaired. They are subject to the legislative will at all times, except so far as the constitution may protect them from interference. *Coffin* v. *The State*, 7 Ind. 157.

The appellee makes three propositions in his brief:

" 1st. The causes necessary to create the ineligibility prescribed in the first clause of the act of March 12th, 1877, have no application to the terms of office previously held by the appellee;

" 2d. If the causes necessary to create such ineligibility apply to the terms of office previously held by the appellee, such ineligibility, itself, has no application to the term of office in contest;

" 3d. If the two acts, of March 3d and March 12th, 1877, are not construed *in pari materia*, so as to render all their provisions valid in accordance with either our first or second propositions, such acts are inconsistent with each other, and one of them must necessarily be held inoperative, in some of its provisions; and, in order to reconcile that inconsistency, the first clause of the latter act, providing for an impossible event in the future, as well as being retrospective in its character, should be held null and void."

The affirmative of these propositions is ingeniously supported by the counsel for the appellee, in an elaborate argument.

To answer the third proposition:

1st. We do construe the acts of March 3d and March 12th as one act, the same as if the latter was inserted as a section in the former act. But we can perceive no conflict between them The former act provides for the election of township officers, amongst them a township trustee, on the first Monday in April, 1878, and every second year thereafter, and provides that the certificate of the board of judges " shall entitle the holder to qualify and en-

ter upon the discharge of the duties of the office to which he is elected, at the expiration of ten days from the day of such election," etc. The latter act simply declares who shall not be eligible to the office of township trustee, namely, that any person who has held the office of trustee of any township in this State for two terms consecutively, at the date of the next general election in October, 1878, shall not be eligible to said office for the next ensuing term; and that " hereafter no person shall be eligible to the office of township trustee, more than four years in any period of six years." The latter act repeals nothing in the former act, and is not inconsistent with it, but simply adds to it. The words, " such certificate shall entitle the holder to qualify and enter upon the discharge of the duties of the office to which he is elected," as used in the former act, can not be held to mean that he shall so qualify, and enter upon the duties of his office, if he is ineligible; and where the latter act declares what shall render a township trustee ineligible, the two acts considered together render their construction plain, namely, that the certificate of election shall entitle the holder who is eligible to the office of township trustee, according to the latter act, to qualify and enter upon the discharge of the duties of his office; and the right to qualify and enter upon the duties of his office can not be held to mean that he can hold the office after he becomes ineligible.

The affirmative of the first and second propositions would appear plausible, if it were not for the latter clause of the act of March 12th, 1877, which declares, that " hereafter no person shall be eligible to the office of township trustee, more than four years in any period of six years." The word " hereafter " means after the law went into force, which was before the general election in October, in the year 1878.

To give the construction to the two acts contended for by the appellee would be to allow the contestee to hold the office more than four years in a period of six years, directly against the words and the plain sense of the statute.

The appellee also contends, that, if the contestee was eligible to hold the office at the time he was elected, he was eligible to hold the office for the whole term of two years, " because the act of March 3d, 1877, expressly required said term to be for the full period of two years, commencing April, 1878, and ending April, 1880." This would be true, if it were not for the act of March 12th, 1877, which, as contended for by the appellee, must be construed with the act of March 3d, 1877.

The facts agreed upon in the case, as applicable to the act of March 12th, 1877, show that the contestee was not eligible to hold the office, after the general election in October, 1878, any longer than until his successor was elected and qualified. The term eligible means, not only eligible to be elected to the office, but also eligible to hold it after the election; and an officer may be eligible at the time of his election, and for a period afterwards, yet not be eligible to hold the office during its entire legal term.

In the case of *Carson* v. *McPhetridge*, 15 Ind. 327, which was a contest for the clerk's office of the Monroe Circuit Court, it was well said by PERKINS, J., who delivered the opinion of the court:

" The fact that the effect of this construction will be to terminate the holding of a portion of the first occupants, under the new constitution. in the middle of a term, we do not think is entitled to much weight. It produces no greater inconvenience than death, removal, or resignation is frequently doing, and is as well provided for as such cases are. Suppose the constitution rendered a person ineligible to hold an office, after he had arrived at a certain

age, say sixty years; he might be elected at fifty-nine, and serve a year, and then be compelled to vacate his office."

According to the previous decisions of this court, the contestee being ineligible after the general election in 1878, the contestor is entitled to the office. *Gulick* v. *New*, 14 Ind. 93; *Beal* v. *Ray*, 17 Ind. 554; *Price* v. *Baker*, 41 Ind. 572.

The judgment is reversed, at the costs of the contestee, and the cause remanded with instructions to overrule the demurrer to the written statement, and for further proceedings according to this opinion.