State, *ex rel.* Morley, *v.* Gallagher *et al.*

No. 7998.

STATE, EX REL. MORLEY, *v.* GALLAGHER ET AL.

CONTESTED ELECTION.—*Quo Warranto.*—*Jurisdiction.*—The right to an office may be contested and tried upon information filed in the circuit court, under sections 749 and 750, 2 R. S. 1876, pp. 298 and 299, notwithstanding the special statutory provisions for the contest of elections.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams*, for appellant.

WOODS, J.—Information by the relator, against the appellees Gallagher and Mueller, under article 44 of the code, to try the right to the office of trustee of Fairfield township, Tippecanoe county, Indiana.

The circuit court sustained separate demurrers by the defendants for want of facts to the complaint, and, the appellant not amending, gave judgment for the defendants. This was done in February, 1879.

We have no brief from the appellee, but are informed by counsel for the appellant, that the court below acted upon the view, " that inasmuch as the relator had failed to proceed under the law providing for the contest of elections, and within the time therein provided, he had lost his right of action, and could not proceed under the 44th article."

On this proposition, this court has held otherwise in the case of *The State, ex rel.*, v. *Adams*, 65 Ind. 393, and as there is no other ground upon which it has been suggested, or in respect to which it has occurred to us, that the complaint is defective, we are constrained to hold it good.

It shows among other things, that next to Gallagher, who was ineligible on account of having held the office for four years next preceding the election (*Jeffries* v. *Rowe*, 63 Ind. 592), the relator, who was eligible, received the highest number of votes; that the auditor had undertaken to appoint the appellee Mueller to the office; that Gallagher had qualified, and was in possession, and had refused to surrender to the relator,

and that the plaintiff had tendered to the auditor a proper bond, duly executed by himself and sureties, and had offered to take the oath of office, which had been refused.

Judgment reversed, with costs, and with instructions to overrule the demurrers to the complaint.