Weir v. The State, ex rel. Axtell.

No. 11,004.

WEIR v. THE STATE, EX REL. AXTELL.

COUNTY COMMISSIONERS.—*Appointment of Secretary for Board of Health.—Term of Office.*—The term of secretary of the county board of health is, by section 4993, R. S. 1881, one year, and the county board, after having elected, can not annul their action, nor elect a successor until the year has expired.

SAME—*Contest of Appointment.—Eligibility.—Complaint.*—The only qualification required of the secretary of a county board of health is that he shall be a physician, and in a contest for the office it is sufficient to so state, but an averment merely that he is competent and qualified, is fatally insufficient.

SAME.—*Evidence.—Record.—Collateral Attack.*—In a collateral inquiry, a record of the county board showing an act done on a certain day, can not be questioned by proof that on that day the board was not in session, and such a record though not signed, is competent evidence of the act done.

PLEADING.—*Complaint.—Practice.*—Overruling a demurrer to a bad paragraph of a complaint, though there be others which are good, embracing the same averments, is always a fatal error available to the defendant.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

ELLIOTT, C. J.—The first paragraph of the relator's complaint alleges that he was, on the 1st day of January, 1883, and has since been a citizen of Bloomington, Monroe county, Indiana, and a regular practicing physician and surgeon; that on the day named he was elected by the board of commissioners of Monroe county, Indiana, secretary of the board of health of said county, and an order declaring his election and fixing his salary at $150 per annum was entered of record; that he accepted the position to which he was elected, and entered his acceptance in writing on the commissioners' record; that on the second day of January, 1883, the board of commissioners, without the knowledge or consent of the relator, assumed to elect the appellant to the same position as that to which the relator was elected on the previous day. The

prayer is that the relator be adjudged entitled to the office and that the appellant be ousted.

Counsel for the appellant insist that the court erred in overruling a demurrer to this paragraph of the complaint.

The objection first urged against this paragraph of the complaint is that it affirmatively shows that the relator's election was annulled the day after it took place by the election of the appellant. This objection can not prevail. County commissioners, having once exercised the power of selecting an officer, can not annul the election by electing another person. If it were otherwise, then the board might elect every month, week, or even every secular day of the year, and the statute never contemplated any such a thing as that. Where an inferior court is entrusted with the power of appointing an officer for a term definitely fixed by statute, the officer will hold for the term so fixed. An officer whose term is designated by statute takes the office for that term, and does not hold it at the pleasure of the appointing power. The provision of the statute is that the board shall annually, in the month of January, elect a secretary, and this fixes the term of office at one year, that is, from the month of January of one year to the month of January of the succeeding year. A statute, empowering an inferior tribunal to do certain things, is an enabling act empowering it to do just what is provided in the act. In the present case the enabling act authorizes the commissioners to elect the secretary of the board of health for one year, and when the commissioners once exercise this power they exhaust it, and can not, unless there is a vacancy or something of the kind, hold another election until the time fixed by law has arrived.

A right to amend a record does not confer a right to change or set aside an act done; the act is one thing, the record of the act quite another. *Wray* v. *Hill*, 85 Ind. 546. If, therefore, the appellant is right in affirming that the board of commissioners have power to change the record, it would not carry him to the conclusion he seeks to reach, for a right

to amend or alter a record does not include a right to annul a decision or set aside an act fully performed. It is the act of appointment, and not the mere recital of the record which clothes the appointee with official character. It is settled law that even where the act is a judicial one the board can not set aside an order once finally and fully made. *Board, etc., v. State, ex rel.*, 61 Ind. 75; *Doctor v. Hartman*, 74 Ind. 221; *Board, etc., v. Logansport, etc., Co.,* 88 Ind. 199. In the present instance the appointment was made and accepted by the appointee, and there remained nothing to be done, for the act was duly consummated. The election of an officer is not an act of an ordinary business character in which a discretion is exercised by the commissioners, but is the exercise of a special statutory authority, and few rules are better settled than that such an authority must be exercised in conformity to the statute conferring it. It can not, therefore, be justly held that the rules which prevail in respect to the transaction of ordinary county business, or the management of ordinary county affairs, apply to the case of the election of an officer under a statute specially conferring authority to elect the officer at a designated time, and for a definite period.

Another objection stated to this paragraph of the complaint is that it does not show that the relator was eligible to the office of secretary of the board of health. It is true that one who seeks to obtain admission to an office must aver such facts as show him to be eligible to the office claimed. *State, ex rel., v. Long,* 91 Ind. 351; *State, ex rel., v. Bieler,* 87 Ind. 320; *Reynolds v. State, ex rel.*, 61 Ind. 392. It is not necessary that the complaint should in express terms aver that the claimant is eligible; it is sufficient if such facts are stated as show him to be eligible. The rules of pleading require the statement of facts, and it is proper, therefore, to plead the facts out of which the inference of law that the claimant is eligible arises.

The only requisite to eligibility prescribed by the statute is that the person elected shall be a physician. The paragraph of complaint we are discussing alleges that the relator was a

physician and surgeon at the time of his election, and this is a sufficient statement upon this point.

There was no error in overruling the demurrer to the first paragraph of the complaint.

The second paragraph of the complaint is similar to the first, except that it does not contain in express terms the averment that the relator was eligible to the office he claims, nor does it aver that he was a physician. This is a material difference. It is, however, argued that the ruling on the demurrer was harmless, for the reason that the same facts were admissible in evidence under the first paragraph of the complaint.

Counsel fall into the error of confusing a ruling sustaining a demurrer, with one overruling a demurrer, whereas there is an essential difference between the two cases. Where a demurrer is sustained to one of two similar paragraphs, no harm is done the pleader, because enough is left to give him all the benefit of his evidence; but where a demurrer is overruled, harm is done the demurring party, because the court adjudges that all the plaintiff need prove to make out his case is that contained in the paragraph to which the demurrer is overruled. The case at bar supplies a strong illustration of the injustice of the doctrine which the relator maintains; for, under the ruling of the court, all he need do to secure a recovery, is to prove the second paragraph of his complaint, and this dispenses with a very essential element in his cause of action, namely, his eligibility to the office to which he demands admission. Where a demurrer is overruled to a bad paragraph, it is an expression of the judgment of the court as to the law upon the facts stated, and is equivalent to an announcement of the court that if the evidence establishes the facts pleaded the plaintiff makes out his case. It is obvious that if the paragraph be insufficient, the court has, in such a case, laid down an erroneous rule for the government of the case, and the error does the demurring party harm, and gives him just reason to complain. It must be kept in mind

that a plaintiff is not bound to prove all the paragraphs of his complaint, and it follows that if an insufficient paragraph is held good, the theory involved in the ruling on the demurrer gives the plaintiff a right of recovery where he really has no cause of action. It is a familiar general rule that a party who once properly makes his objection to a ruling of the court, and duly saves an exception, is not bound to repeat his objections or exceptions; so that an objection once well made and reserved to an erroneous theory of the trial court stands throughout the trial. We have many cases illustrating the difference between overruling and sustaining a demurrer, and showing the soundness of the rule that where a demurrer is overruled to a bad paragraph the error is material, although there may be other paragraphs of the same general character, but which contain the averments wanting in the bad one. *Abdil* v. *Abdil,* 33 Ind. 460; *Schafer* v. *State,* 49 Ind. 460, see auth. cited, p. 468; *Kimble* v. *Christie,* 55 Ind. 140; *Abell* v. *Riddle,* 75 Ind. 345; *Over* v. *Shannon,* 75 Ind. 352; *Johnson* v. *Breedlove,* 72 Ind. 368; *Conyers* v. *Mericles,* 75 Ind. 443; *Sims* v. *City of Frankfort,* 79 Ind. 446, see opinion, p. 449; *Wilson* v. *Town of Monticello,* 85 Ind. 10. We are, therefore, required to examine the pleading under immediate mention and determine its sufficiency.

The relator maintains that although the word eligible is not used, there are two words, namely, qualified and competent, which express the same meaning, and that, therefore, the pleading is good. In strictness, a pleading should state facts showing that the claimant is eligible and leave the conclusion of law to the court, but conceding, without deciding, that it is enough to state the conclusion, we will examine as to the sufficiency of the language employed. It seems to us very clear that a man may be both competent and qualified and yet not eligible. A man may possess all the necessary intellectual and moral endowments essential to capacity and competency, and yet not be eligible to office. Something more than competency and qualification is essential, and is

embraced by the term eligible. *Steinbach* v. *State, ex rel.*, 38 Ind. 483; *Carson* v. *McPhetridge*, 15 Ind. 327; *Jeffries* v. *Rowe*, 63 Ind. 592; Bouvier Dict., title, Eligible; Abbott Dict., same title; Adjudged Words & Phrases, same title. It can not, in our opinion, be held sufficient in such a case as this to aver that a man is competent and qualified to hold an office. The rules of pleading require much more than a statement of a conclusion in words so general and inapt as those chosen by the relator.

A question was made on the introduction of evidence which must necessarily arise on another trial, and it is therefore proper that we should decide it. The court refused to permit the appellant to show that the commissioners did not hold a session on the first day of January, 1883. In this there was no error. The record introduced in evidence, recited that the board did meet and did hold an election on that day which resulted in the choice of the relator, and this record concluded the parties from attacking it in this collateral proceeding. A record can not be overthrown in a collateral attack of this nature.

Another question is to be decided, and that is this: Is the record of a commissioners' court, showing an election, without force for the reason that it was not signed? We think it clear that where the attack is a collateral one, it must be held that it is not void but supplies competent evidence of the action of the board.

For the error in overruling the demurrer to the second paragraph of the complaint the judgment is reversed.

