Filed June 25, 1884.

No. 11,635.

THE STATE, EX REL. ELLIOTT, *v.* BEMENDERFER.

COUNTY COMMISSIONERS.— *Vacancy.*— *Holding Over.*— *Office and Officer.*— Where one is elected county commissioner, qualifies by taking the oath required by law, and dies before his term begins, his predecessor can not hold over.

From the Elkhart Circuit Court.

*H. D. Wilson, W. J. Davis* and *A. Anderson,* for appellant.
*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

ELLIOTT, C. J.—The relator claims the office of county commissioner, and for the purpose of securing the office filed the information against the appellee who asserts a right to the same office. The information charges that the relator was elected commissioner for the second district of Elkhart county, at the general election in October, 1880, and that he was duly inducted into office in November of that year; that William McVitty, an eligible candidate, was duly elected as the relator's successor at the general election held in November, 1882, and within ten days from the time of receiving the certificate of election, duly subscribed the proper oath of office, which was endorsed on the back of the certificate as the statute requires; that on the 2d day of March, 1883, McVitty died, and that, at the time of his death, his term of office had not commenced; that on the 3d day of December, 1883, the board of commissioners declared that a vacancy existed by reason of McVitty's death, and elected the appellee to fill the vacancy.

The contention of the relator's counsel is that as McVitty died before his term of office commenced, he was never qualified, and, therefore, no successor to the relator was ever elected and qualified. This position is not tenable. The right of McVitty to the office was vested at the time he took the oath in the manner and form required by law, and his subsequent death did not entitle the relator to hold over. A vacancy resulted for the reason that a successor to the relator had been duly elected and qualified, and this having taken place his right to hold over terminated. It can not be legally possible that when the right to an office has once been destroyed or terminated, the subsequent death of the person who had been elected and who had duly qualified, revives the right which the election and qualification had put an end to, for the right to hold over exists only in cases where

there is no legally elected and qualified successor. When the rights of the successor vest, those of the incumbent terminate, and they do vest after election and qualification according to law. This is clear on principle, but authorities are not wanting.

The term " qualified " as used in the statute does not mean possessed of the necessary political, mental and moral endowments, but means the acts performed after election, as taking an official oath and executing an official bond. The term " eligible " expresses the meaning which the relator asks us to affix to the term " qualified." *Carson* v. *McPhetridge,* 15 Ind. 327; *Jeffries* v. *Rowe,* 63 Ind. 592. Eligible means capable of being chosen; while qualified means the performance of the acts which the person chosen is required to perform before he can enter into office. *Searcy* v. *Grow,* 15 Cal. 117. Abbott, in defining the word "qualify," says: "It means to take the oath and give the bond required by law from an administrator, executor, public officer or the like, before he may enter on the discharge of his duties." L. Dict. In *Steinback* v. *State, ex rel.,* 38 Ind. 483, it was said : " The term qualified was not used in its ordinary or popular signification, as possessed of endowments or accomplishments, or intellectual capacity, or moral worth to discharge the duties of an office, but the framers of the Constitution intended thereby that a person who had been elected to an office, and had taken the oath of office, and given bond, where a bond is required, was qualified and had the right to assume and discharge the duties of such office." In *State, ex rel.,* v. *Seay,* 64 Mo. 89, S. C., 27 Am. R. 206, it appeared that Peter B. McCord was elected to the office of judge, and within the proper time took the requisite oath of office, and it was held that his death before entering upon the duties of the office created a vacancy to be filled by appointment. In the case of *State, ex rel.,* v. *Hopkins,* 10 Ohio St. 509, the court went much further, and held that the death of the person elected before qualification created a vacancy. The decision in *Com.* v. *Hanley,* 9 Pa. St. 513, is that where

the person elected to an office dies before giving bond as required by law the incumbent holds over; but it is also stated that if the person elected had qualified, it would be otherwise. It was held in *State, ex rel.,* v. *Beard,* 34 La. An. 273, that the failure to qualify within the time prescribed by law created a vacancy to be filled by appointment. The case of *People* v. *Lord,* 9 Mich. 227, does not support the relator's contention. The comments made upon that case by the court in *State, ex rel.,* v. *Seay, supra,* show the difference between the two cases.

We are satisfied that the right of the relator to hold the office ended at the time McVitty qualified, and that upon his death a vacancy occurred, which it was proper for the board of commissioners to fill by appointment.

Judgment affirmed, at the costs of the relator.

