Filed Feb. 20, 1885.

---

No. 12,026.

## THE STATE, EX REL. MORLEY, *v.* JOHNSON ET AL.

TOWNSHIP TRUSTEE.—*Eligibility.*—A township trustee who has been in office two consecutive terms immediately preceding the election at which he offers himself as a candidate is ineligible.

SAME.—*Election.*—*Votes for Ineligible Candidate.*—Votes cast for a person not eligible to election can not be counted against eligible candidates.

SAME.—*Qualification.*—*Forfeiture of Office by Failure to Qualify.*—A person elected to the office of township trustee who fails to give bond as required by section 5527, R. S. 1881, for more than six months after the election, will be deemed to have abandoned the office unless some satisfactory excuse for the delay is shown.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellant.

*H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellees.

ELLIOTT, J.—The material facts stated in the relator's complaint are these: Johnson was the auditor of Tippecanoe county in April and November, 1878, and his co-appellees were sureties on his official bond. The relator was eligible to the office of trustee of Fairfield township, and was a candidate for that office in the spring of 1878. There were three candidates voted for at that election, the relator, Daniel Mueller and Michael Gallagher. The latter was ineligible because he had held the office for two consecutive terms immediately preceding the election. The candidates respectively received of the votes cast the following: Gallagher, eleven hundred and fifty-eight; the relator, nine hundred and fifty-seven; and

Mueller, eight hundred and eighty-nine.  On the 29th day of November, 1878, the relator tendered to the auditor a sufficient bond, and that officer refused to accept or approve it.

Our decisions establish these propositions:

A township trustee who has been in office for two consecutive terms immediately preceding the last election at which he offers himself as a candidate is ineligible.  *State, ex rel.,* v. *Gallagher,* 81 Ind. 558 ; *State, ex rel.,* v. *Adams,* 65 Ind. 393 ; *Jeffries* v. *Rowe,* 63 Ind. 592.

Votes cast for a person not eligible to office can not be counted against the eligible candidate, receiving the highest number of votes.  *Waldo* v. *Wallace,* 12 Ind. 569 ; *Gulick* v. *New,* 14 Ind. 93 ; *Carson* v. *McPhetridge,* 15 Ind. 327 ; *Howard* v. *Shoemaker,* 35 Ind. 111 ; *State, ex rel.,* v. *Gallagher, supra.*

It follows from these settled propositions, that if the relator did not lose his right to the office by a failure to qualify within the time limited by law, he has a cause of action against the auditor and his sureties for a refusal to accept and approve the bond tendered.

The relator did not tender his bond until more than six months after his election, and he shows no excuse for this long delay.  Our statute requires that official bonds shall be filed within ten days after the receipt of the commission or certificate, and we think one who is elected to an office and delays filing his bond for a period of six months has no right to maintain an action against the auditor for refusing to accept and approve it.  The statute is plain.  It reads thus:  " If any officer of whom an official bond is required shall fail, within ten days after the commencement of his term of office, and receipt of his commission or certificate, to give bond in the mannner prescribed by law, the office shall be vacant." R. S. 1881, section 5527.

The relator, having so long delayed to file his bond, and showing no excuse for the delay, must, in such a case as this, be deemed to have abandoned the office.  Having once elected to abandon the office, he can not resume it at his own pleasure.

Bogard, Administrator, *v.* Louisville, Evansville and St. Louis R. W. Co.

The object of the statute is to compel a person chosen to office to qualify within the time prescribed, and if, without legal excuse, he fails to do so, he is in fault, and must lose the office. If a person elected to office were at liberty to file a bond within six months, he would have, upon the same principle, a right to file it at any time before the expiration of the term, and thus great uncertainty, confusion and evil would result. If he is not in fault, then the lapse of time might not deprive him of the office, but it is incumbent upon him to explain the delay and exculpate himself from blame. This has not been attempted in the case in hand.

It is not to be presumed that the auditor violated his official duties, and it therefore devolved upon the relator to state such facts as showed that he was in the right and that officer in the wrong. *Jackson School Tp.* v. *Farlow*, 75 Ind. 118. Judgment affirmed.

Filed Feb. 21, 1885.