Tom SHETLER Sr., and Suzan
Nicholson, Appellants–
Defendants,

v.

Linda K. DURHAM, Appellee–Plaintiff.

No. 82A01–0706–CV–273.

Court of Appeals of Indiana.

March 3, 2008.

Matthew W. Lutz, Evansville, IN, Attorney for Appellant.

Robert R. Faulkner, Evansville, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendants–Appellants Tom Shetler, Sr. and Suzan Nicholson, individually and as members of the Knight Township Board (collectively, "the Board"), appeal the trial court's determination in a declaratory judgment action filed by Plaintiff–Appellee Linda K. Durham ("Durham"). We affirm.

The Board raises one issue for our review, which we restate as: Whether the trial court erred as a matter of law by interpreting Ind.Code § 5–4–1–9 to allow an elected official to secure her bond after the date she was scheduled to take office.

In November of 2006, Durham was elected Trustee of Knight Township, a township located in Vanderburgh County, Indiana. Shortly thereafter, Durham met with the incumbent Trustee, James Price, and his Chief Deputy, Donald Boerner. At that time, they decided that Boerner would also be Durham's Chief Deputy and that he would begin the process of obtaining the bond required by Ind.Code § 5–4–1–9. (Finding of Fact # 2; Appellants' App. at 9).[1] In mid-December of 2006, Boerner began the process of obtaining

1. The facts of this case are gleaned from the parties' appendices, the transcript, and the trial court's findings of fact.

the bond. (Finding of Fact # 3; Appellants' App. at 9).

Although the bond had not been obtained by January 1, 2007, the day Durham was to take office, she took the oath of office and began performing the duties of Trustee. (Finding of Fact # 4; Appellants' App. at 9). On January 11, 2007, Durham presided over the Board's initial meeting and administered the oath of office to the Board's members. (Transcript at 9).

In mid-January, 2007, Boerner informed Durham that he was having a problem obtaining a bond for her because she was in the midst of a Chapter XIII bankruptcy proceeding. (Finding of Fact # 5; Appellants' App. at 9). Accordingly, Durham began the process of securing a bond on her own. (Finding of Fact # 7; Appellants' App. at 9). On January 25, 2007, the Clerk of the Vanderburgh Circuit and Superior Courts informed Boerner that Durham could not serve as Knight Township Trustee until she obtained a bond and advised Boerner to ask Durham to relinquish the keys to the Trustee's office. Boerner conveyed the Clerk's advice to Durham, and Durham relinquished the keys to the office to Boerner. (Finding of Fact # 6; Appellants' App. at 9).

On February 9, 2007, the Board held a meeting and passed a resolution that stated, in effect, that Durham could not serve as Trustee until she secured a bond and that former Trustee (Price) would continue to hold the office until the bond was secured. (Finding of Fact # 8; Appellants' App. at 9). On or about February 12, 2007, Durham obtained a bond commitment and sent an application and payment of premium to the bonding company.

On February 15, 2007, the Board held another meeting and passed a resolution "that [Durham] failed to give the bond before the commencement of her term and

therefore is barred from taking office pursuant to IC 5–4–1–9." (Finding of Fact # 9; Appellants' App. at 9). Durham was successful in securing her public official bond, which was dated February 13, 2007. However, Durham did not receive the bond until February 16, 2007, and it was recorded in the office of the Vanderburgh County Recorder on February 20, 2007. The bond provided that the term for which Durham was being bonded began on February 1, 2007 and ran until February 1, 2008. (Finding of Fact 10; Appellants' App. at 10).

The Board refused to recognize Durham as the Trustee, and she filed a declaratory judgment action. The trial court found in Durham's favor, and the Board filed this appeal.

In making its ruling, the trial court *sua sponte* issued findings of fact and conclusions of law. The propriety of the trial court's ruling turns on its interpretation of Ind.Code § 5–4–1–9 as it applies to the undisputed facts of this case. The interpretation of a statute is a question of law. *Ross v. Harris,* 860 N.E.2d 602, 606 (Ind.Ct.App.2006), *trans. denied.* We review the construction of statutes de novo, giving no deference to the trial court's interpretation. *Id.* We independently review the statute's meaning and apply it to the facts of the case under review. *Id.*

Ind.Code § 5–4–1–9 provides as follows: "An officer required to give an official bond shall give the bond before the commencement of his term of office. If the officer fails to give the bond before that time, the officer may not take office." The Board argues that the statute plainly and unambiguously requires that if an elected official required to give a security bond fails to give the bond before the term of her office commences, she must forfeit her

right to take office. Thus, the Board would read the second sentence of the statute to say, "If the officer fails to gives the bond before that time, the officer may not take office [at any time]." The trial court, relying on case law interpreting an earlier, stricter version of the statute, reached the conclusion that no forfeiture is required.

Prior to 1980, when the current wording of the statute was first set forth, the statute provided that if an official required to give a bond did not do so within ten days after commencement of her term of office, the "office shall be vacant." *See e.g.*, Rev. St. 1894, § 742 (Rev.St.1881, § 5527). In *Albaugh v. State ex rel. Titsworth*, 145 Ind. 356, 44 N.E. 355 (1896), our supreme court held that the requirement for posting bond under this predecessor statute was "directory, and not mandatory." 44 N.E. at 356 (quoting *Commissioners of Knox County v. Johnson*, 124 Ind. 145, 24 N.E. 148 (1890)). The court further held:

> In *State v. Johnson*, 100 Ind. 489, the doctrine was recognized that forfeiture, under the statute here in question, for delay beyond the period of 10 days, will not be enforced; and it was said that, if the person elected show himself not to be in fault in permitting the time to elapse without filing the bond, he will not be deemed to have abandoned the office. It is manifest that the legislature intended to prevent unnecessary delay in assuming the duties of an office to which one has been elected, in order that the public service might not suffer, and that the chosen servant might thereby signify his intention to accept the trust. *The construction of all statutes looking to the efficiency of the public service should be liberal in promoting the choice of the people.*

*Id.* (Emphasis supplied).

■ We believe that the supreme court's holding, which applied to a form of the statute that was more mandatory in nature than the current form of the statute, which is devoid of reference to vacancy or forfeiture, is still applicable. Accordingly, we hold that the trial court was correct in determining that Ind.Code § 5–4–1–9 does not require Durham, the choice of the people for Knight Township Trustee, to forfeit her office absent evidence of fault on her part. Furthermore, because the Board does not argue or the record indicate the existence of such fault, the trial court's determination must stand.

Affirmed.

RILEY, J., and MATHIAS, J., concur.