## CHARLES HORNEMAN v. M. E. HARLAN.

SCHOOL DISTRICT — *Appointment of Treasurer — Failure to Give Bond.*
Where H. is elected as his own successor treasurer of a school district
at the annual meeting of said district, and immediately takes the oath
of office and continues to perform all the duties of said office for a
year without giving a bond, but then gives a bond which is executed
according to law, and approved by the director and clerk, and said
bond was given as soon as the board fixed the amount of said bond,
and afterward, a week or 10 days, the county superintendent appoints
H. treasurer for said district, upon the theory that a vacancy exists, be-
cause the bond was not given within 20 days after the election of said
treasurer, *held,* that no vacancy existed to be filled by appointment of
the superintendent, and that the appointment of H. was void.

*Error from Smith District Court.*

THE case is stated in the opinion.

*A. H. Ellis,* for plaintiff in error.

Opinion by STRANG, C.: This was a proceeding in *quo
warranto,* to determine who, as between the parties to the ac-
tion, was entitled to the office of treasurer of school district
No. 115, in Smith county, Kansas. At the annual school
meeting in 1882, Horneman was elected treasurer of said dis-
trict and served three years, and until the annual election in
1885. At that time it was discovered that there should have
been an election the year before, in 1884, and upon such dis-
covery in 1885, he was elected for two years to fill ·the va-
cancy. He qualified and gave a bond after his election in
1882, and qualified after his election in 1885, but it is not
certain that he gave a bond after that election. At the annual
school meeting in 1887 he was again elected, and qualified the
same day, but did not at that time give a bond. At the meet-
ing of the board, during which he was qualified, he inquired
of the director if he had a blank that he could use in giving
his bond. The director did not have any blank. He asked
Horneman if he had given a bond before when he was elected,

and was informed by the latter that he did in the sum of $1,000, and that the amount of money that passed through his hands the previous year was about $500. The director then said that as he (Horneman) had given a bond before he was elected, and was his own successor, he did not think it was necessary for him to give a new bond; that the old would hold good. The matter of giving a bond was talked about between the director and Horneman, and the clerk of the district and Horneman, several times afterward, Horneman asking both the director and the clerk to procure a blank so he could give a bond. No bond was in fact given until the 28th of June, 1888, the day before the annual school meeting for that year, nor did the board ever formally determine the amount of the bond until the evening before the bond was given. The bond was executed according to law, and approved by the director and clerk of the district on the day of its execution, and was at once delivered by Horneman to the clerk. The clerk, whose term of office expired that day, thinking the bond should be deposited with the county superintendent of schools, and not wanting to take that trouble himself, delivered the bond back to Horneman that evening, that he might send it to the superintendent. Horneman was a blacksmith, and, busy at work at that time, laid the bond in his desk, and forgot that he had it until his attention was called thereto by the director and clerk, some time about a week afterward. In the meantime, there being no bond among the papers turned over to the new clerk, elected at the meeting in June, 1888, the superintendent appointed M. E. Harlan, the defendant, treasurer of said school district. Horneman still claimed to be treasurer and continued to act as such. And from the date of his appointment Harlan claimed to be treasurer, and this action was brought to settle the question as to which was entitled to the office. The case was tried by the court without a jury, resulting in a judgment for Harlan, ousting Horneman from the office, and requiring him to pay costs of suit. Motion for new trial was filed and overruled, and a case made for this court.

The real question in the case is, whether the judgment of the trial court is right. Whether or not the judgment is right depends upon the further question whether or not a vacancy existed that could be filled by the superintendent at the time he appointed Harlan. Our statute, ¶ 5594 of the General Statutes of 1889, reads as follows:

"Every person duly elected to the office of director, clerk or treasurer of any school district who shall refuse or neglect, without sufficient cause, to qualify within 20 days after his election or appointment, or who, having entered upon the duties of his office, shall neglect or refuse to perform any duty required of him by the provisions of this act, shall thereby forfeit his right to the office to which he was elected or appointed, and the superintendent shall thereupon appoint a suitable person in his stead."

Paragraph 5607 of the same statute relates to the giving of a bond by the treasurer of a school district, and so much of it as is material here reads as follows: "The treasurer shall execute to the district a bond, in double the amount, as near as can be ascertained, to come into his hands as treasurer during the year, with sufficient securities, to be approved by the director and clerk, conditioned to the faithful discharge of the duties of said office." It will be seen that the statute requires the treasurer to qualify within 20 days after his election, but it is silent as to the time within which he shall execute a bond. In this case the oath of office was administered to Horneman the same evening of his election, which was more than a year before Harlan was appointed, and during all that time Horneman was not only acting as treasurer of the district, but until a few days, not exceeding a week or 10 days, before Harlan's appointment, his right to the office was never questioned by anyone. Was there a vacancy in the office of treasurer of school district 115 in Smith county, that could be filled by appointment when Harlan was appointed? We think not. Horneman was elected at the annual school meeting in 1887, for the term of three years. He immediately qualified, by taking the oath of office, and while he served nearly a year before he gave a bond, yet he had given a bond before any action was taken

by the superintendent; so that he had not only been regularly elected to the office, but had complied with all the provisions of the law by taking the oath of office, giving a bond, and the performance of the duties of the office, before the appointment of Harlan. Under such circumstances, we do not think a vacancy existed at the time of the appointment of Harlan by the superintendent. The failure on the part of Horneman to give a bond was the only excuse for the appointment of Harlan by the superintendent. That delinquency on Horneman's part had been removed by his giving a bond, which the court finds was executed according to law, before the superintendent took action; and, as the statute is silent as to the time within which the bond must be given, we think Horneman, who had thus fully complied with all the provisions of the law, was the rightful treasurer of said district at the time of the appointment of Harlan, and that the appointment of Harlan was void, and Horneman continued to be the treasurer of said district.

It was claimed at the trial below by the counsel for Harlan, who have not filed a brief in this court nor appeared to argue the case in person, that the bond of Horneman should have been left with the clerk. It is true that with the clerk is the proper place to deposit the bond of the treasurer. It is also true that the treasurer did deliver his bond to the clerk after its execution. We do not think the fact that the clerk, who, thinking the bond should be deposited with the superintendent, returned it to Horneman that he might so deposit it, invalidated the bond. If Horneman had taken it back with the intention of destroying it, or to withdraw it entirely, it would have been different. There can be no doubt but that Horneman and his sureties, in case of default, would have remained liable on the bond as well after it was returned to him by the clerk for the purpose of delivering it to the superintendent as while it was in the hands of the clerk before its return. And if the district could recover on it in case of default of Horneman, it should still be sufficient to protect him against

an attack upon his right to the office upon the ground that he had given no bond.

It is recommended that the judgment of the district court be reversed, and the case remanded for further proceedings.

. By the Court: It is so ordered.

All the Justices concurring.