D. JACQUES V. LLOYD LITLE.

SCHOOL DISTRICT—*Removal of Treasurer.* A person elected, and who has entered upon the discharge of his duties as a school-district officer, cannot be deprived of his office upon the ground that he has neglected or refused to perform any duty required of him without notice and a hearing before some competent officer or tribunal; and, until a forfeiture of his right to the office has been ascertained and declared, the county superintendent has no authority to appoint another person in his stead.

*Original Proceeding in Quo Warranto.*

THE facts are stated in the opinion herein, filed at the session of the court in May, 1893.

*Sutton & McGarry,* for plaintiff.

*Milton Brown,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in *quo warranto,* brought originally in the supreme court, and involves only the title to the office of treasurer of a school district in Gray county. It appears that, at the annual meeting in 1891, Lloyd Litle was elected treasurer of the district for a term of three years, and at that time W. F. Castner was director and J. T. Dean clerk of the district. In order to secure employment as teacher of the district school, Dean resigned as clerk, and T. B. Seaton was appointed in his stead. Without any meeting of the district board, Castner and Seaton agreed to employ Dean as teacher, and a written contract to that end was entered into between these two members and Dean. Having no certificate authorizing him to teach, Dean obtained from the county superintendent a temporary certificate, but no written request therefor was made by the district board, as the statute requires. Litle opposed the employment of Dean and protested against his taking charge of the school, and insisted that the contract made was illegal. Notwithstanding this opposition and pro-

test, Dean began teaching, in the early part of October, 1891, and continued in charge of the school throughout the term. Litle refused payment of school orders issued to the teacher by the other district officers and to other persons for the maintenance of the school, although at that time there were sufficient moneys on hand belonging to the several funds upon which such orders were drawn. He attended a meeting of the school-district board on November 14, 1891, and did not attend any other until the annual meeting in 1892, when other persons were elected to succeed Castner and Seaton as director and clerk of the district. Since that time, he has attended every meeting of the district board. In January, 1892, a notice was served upon Litle that a meeting of the board would be held on January 19, but Litle did not attend, and at this meeting the board undertook to correct the irregularity and illegality in the employment of Dean and to ratify the contract theretofore made with him as teacher. In February, the action of Litle in refusing to pay school orders and attend the meetings of the board was brought to the attention of the county superintendent, who, without any notice to Litle, considered that he had forfeited his right to the office of treasurer, declared it vacant, and appointed the plaintiff to fill the supposed vacancy. After Jacques qualified as treasurer, he made a demand upon Litle for the books, papers and belongings of the office, but the demand was refused by Litle, who has always insisted that he was the treasurer of the district, and, since the annual meeting in 1892, he has been recognized by the other members of the board and by the county treasurer as such officer. The county superintendent, however, has always recognized Jacques as treasurer of the district since his appointment, and for a time orders issued by him were honored by the county treasurer. An attempt was made to show that Litle became a nonresident of the district in the latter part of the year 1891. The testimony fails to sustain this claim. He and his family went to the town of Cimarron during the winter months, but returned to their home in the spring. The testimony con-

vinces us that the absence was temporary, and with no intention of a permanent removal or change of residence.

Has the plaintiff any right to the office in question or to maintain this action? He cannot employ *quo warranto* for the purpose of ascertaining whether Litle has been guilty of neglect or refusal to perform any duty required of him and to declare a forfeiture therefor. Such a proceeding can only be prosecuted in the name of the state, and at the instance of the attorney general or county attorney. The plaintiff seems to be proceeding upon the theory that the county superintendent may summarily, and without notice to the defendant or hearing, determine for himself that a school officer has neglected his duty, and, having reached that conclusion, is authorized to appoint some one in his stead. The statute upon which the claim is based provides as follows:

"Every person duly elected to the office of director, clerk or treasurer of any school district, who shall refuse or neglect, without sufficient cause, to qualify within 20 days after his election or appointment, or who, having entered upon the duties of his office, shall neglect or refuse to perform any duty required of him by the provisions of this act, shall thereby forfeit his right to the office to which he was elected or appointed, and the county superintendent shall thereupon appoint a suitable person in his stead." (Gen. Stat. of 1889, ¶ 5594.)

It will be observed that this section provides that a neglect or refusal to perform his statutory duties is ground for forfeiture of a right to the office, but it does not declare that it shall thereby become vacant, nor expressly vest the county superintendent with the power of removal. If for any reason the power of removal is lodged in the county superintendent, nothing in the statute or in the nature of the office would imply that the power of removal is discretionary, and may be exercised without notice or hearing. Where an office is held at the pleasure of an appointing power, and also where the power of removel may be exercised at its discretion, it is well settled that the officer may be removed at any time without notice or hearing. (*The State, ex rel., v. Mitchell,* 50 Kas.

289.) The defendant holds his office by virtue of an election, and is chosen for a definite time. Nothing in the law warrants the implication that a school-district officer who has been elected and qualified and entered upon his duties may be removed at the will or pleasure of any officer. The statute prescribes the causes for which a removal may be had, and fairly implies that the cause must be shown, and that the party charged with negligence and wrong is entitled to notice and a right to be heard in his own defense. It is well established by the great weight of authority, that where an officer is elected by the people for a definite term, and provision is made for his removal for cause, the power of removal cannot, in the absence of the positive mandate of statute, be exercised without notice and hearing. The mere silence of the statute with respect to notice and hearing will not justify the removal of such an officer upon a charge of misconduct and negligence, without knowledge of the charges and an opportunity to explain his conduct and defend his course and character. (*Field v. Commonwealth,* 32 Pa. St. 478; *Ex parte Hennen,* 13 Pet. 230; *Page v. Hardin,* 8 B. Mon. 648; *The State v. City of St. Louis,* 90 Mo. 19; *Willard's Appeal,* 4 R. I. 601; *Chase v. Hathaway,* 14 Mass. 222; *Dullam v. Wilson,* 53 Mich. 392; Mech. Pub. Off., § 454.)

The defendant was in possession of the office, holding it by as good a title as that of any other officer of the state who has been elected by the people. He was charged with negligence and misconduct, and shall he be condemned unheard? He refused to sign or recognize orders for the salary of the teacher, and it is admitted that the contract with the teacher was illegally made. It is true that a majority of the board, at a legal meeting held about three months later, tried to cure the illegal action. Whether they succeeded or not, and whether the refusal of Litle thereafter to sign the warrant can be held to be a neglect of duty which would justify removal, must be inquired into and determined by some competent tribunal or officer. Whether the grounds of forfeiture prescribed in the statute exist must be ascertained, and this

cannot be done until specific charges are made, and full opportunity is given to the officer to produce proofs and defend his rights. Without a removal, made in a legal manner, no vacancy existed in the treasurer's office, and the county superintendent had no authority to appoint the plaintiff. An action to inquire as to the existence of the grounds of forfeiture, and for a removal if cause exists, may be maintained in any court of competent jurisdiction, but it is not necessary in this action to determine whether the county superintendent is vested with that power, and as there is some difference of opinion among the members of the court with reference to that question, it will not be decided at this time.

The plaintiff has shown no right to the office, and judgment must therefore go in favor of the defendant.

All the Justices concurring.