THE STATE OF KANSAS, *on the relation of C. A. John-son*, v. H. T. ALBERT.

RIGHT TO OFFICE—*Death of Judge-elect—Holding Over.* The election of a probate judge for the ensuing regular term, and his qualification by giving a sufficient bond, which is duly approved, and by taking and subscribing the proper official oath, deprives the incumbent of the right to hold over after the expiration of his term, and the death of the judge-elect after such qualification, and before the expiration of the incumbent's term, does not revive the right to hold over, which was extinguished by such election and qualification.

*Original Proceeding in Quo Warranto.*

THIS is an original proceeding instituted in this court to determine the right to the office of probate judge of Cowley county. It appears from the pleadings and the agreed facts, that the defendant, H. T. Albert, was duly elected to the office of probate judge in November, 1892, duly qualified, and entered on the discharge of the duties of his office on January 9, 1893; that at the regular election held in 1894, D. D. Parry was elected as his successor in office for the ensuing regular term; that after the result of the election had been duly ascertained and declared, Parry executed and filed in the office of the county clerk a bond, which was approved by the county clerk, and took and filed therewith the oath of office prescribed by law on the 5th day of December, 1894. On the 4th day of January, 1895, D. D. Parry died. On the 10th day of January, 1895, the relator, C. A. Johnson, was appointed by the governor to fill the vacancy caused by the death of said Parry, and on the next day, having accepted his appointment, he filed his bond and took the oath of office as probate judge. On the 14th day of January, before the hour of 12

o'clock, and before Governor Morrill had taken the oath of office, Governor Lewelling again appointed the relator, who tendered a second bond, which the county clerk refused to approve.   On the same day, the relator demanded possession of the office, which was refused.

*John A. Eaton,* for plaintiff :

It is not contemplated by the constitution nor the statute that any such enlarged meaning shall be given to the term "qualify." Not only by common acceptation, but by standard definition and upon authority, this word when used in connection with public officers refers alone to the giving of the bond and the taking of the oath of office, and depositing the same at the place and in the manner required.   The incumbent in office ceases to have the right of holding over when when the qualification, designated and defined by the statute, of a successor has occurred.   See Mechem, Pub. Off., §§ 253, 254, *et seq.;* Throop, Pub. Off., §§ 170, *et seq.;* Gen. Stat. of 1885, ¶ 2719 ; 19 Am. & Eng. Encyc. of Law, 440, 445.

The construction urged by the defendant of the word "qualify" is that it not only includes the. taking of the oath of office, and the giving of the bond, but also the act of entering upon the duties of the office — a meaning that is not contemplated by the statute, nor has it ever been so considered by this court.   The *State v. Mechem,* 31 Kas. 435.   See, also, *The State v. Bemenderfer,* 96 Ind. 374 ; *The State v. Neibling,* 6 Ohio St. 40 ; *The State v. Seay,* 64 Mo. 89 ; *The State v. Matheny,* 7 Kas. 327 ; *The State v. Conn,* 14 id. 217.

An election of a successor to the defendant as probate judge, and his qualification and death thereafter before his official term commenced created a vacancy,

and the governor was authorized, under the constitution and statute of the state, to fill the same by the appointment of the relator. See Throop, Pub. Off., § 329 ; Mechem, Pub. Off., § 401 ; 19 Am. & Eng. Ency. of Law, 562 *p. ; The State v. Bemenderfer*, 96 Ind. 374 ; *The State v. Seay*, 64 Mo. 89 ; *The State v. Hopkins*, 10 Ohio St. 509 ; *In re Supreme Court Vacancy*, 57 N. W. Rep. 495 ; *Borton v. Buck*, 8 Kas. 302 ; *Grieble v. The State*, 12 N. E. Rep. 700 ; *The State v. Harrison*, 16 id. 384 ; *Grossman v. The State*, 106 Ind. 203 ; *Commonwealth, v. Hanley*, 9 Pa. St. 513.

*J. C. Pollock*, and *Madden & Buckman*, for defendant :

Could Parry have qualified so that his death would cause a vacancy in the office? Albert's term did not expire until the 14th of January. Parry died on the 4th. He could not, under the law, become probate judge until the 14th. True, he was elected ; but his election did not make him probate judge. It gave him the right to hold the office when the time for him to take it should arrive. His filing a bond, though it might have been formal in all its details, and subscribing an oath which the statute requires, would not make him probate judge until the time for him to take his office should be actually present. If those acts would make him probate judge, then from the time he qualified, as claimed by plaintiff, up until the day of his death, Cowley county had the strange anomaly of two probate judges. Under their theory, which of these could legally transact the business of the office? Could both? Would not such a condition of affairs result in great confusion? Not only confusion, but would it not be a source of very great uncertainty, embarrassment and annoyance to the people? It seems to us to give even this section the construc-

tion which the plaintiff claims, is not only unsound in reason, but illogical ; and that it is within the reasonable purview of construction to say that it cannot have the force and effect which he so assiduously endeavors to give it.

Parry, as before stated, died on the 4th of January, 1895. Did the office then become vacant? Admitting, by giving scope to the plaintiff's argument that he was probate judge, and that we had at the time two probate judges, then was there a vacancy in the office at the time of his death? Albert, then, was in the office, had charge of the books and control of the business. He had had such charge and control for almost two years, and when the life of Parry expired it created no vacuum. Upon entering the office one would find the same man occupying the chair and performing the duties of the office, so that there was no vacancy at that time. There was no vacancy on the day following, and on the morning of the 14th the same man who had occupied the office for two years presented himself again and began the performance of the same duties which he had theretofore performed, so when did the vacancy occur? Under the constitution, in order that the death of Parry make a vacancy, he must have been probate judge, actively in the discharge of his duties, after the time for taking the office had commenced.

In the case in the 36 N. E. Rep. 941, heretofore cited, the court, in its opinion, while commenting upon what necessarily creates a vacancy in an office, used this forcible language : "In contemplation of law there can be no vacancy in an office so long as there is a person in possession of the office, legally qualified to perform its duties," and then cites, approvingly, the case of *The State, ex rel., v. Howe*, 25 Ohio St. 588.

See, also, *Commonwealth v. Hanley,* 9 Pa. St. 513 ; 19 Am. & Eng. Encyc. of Law, 562*p. ; The People, ex rel., v. Henderson,* 35 Pac. Rep. 517.

The opinion of the court was delivered by

ALLEN, J. : The only substantial controversy in this case is as to whether the election and qualification of D. D. Parry, as the successor in office of the defendant, and his death after such election and qualification and before the expiration of the defendant's term of office, caused a vacancy, after the expiration of the term for which the defendant was elected which might be filled by the governor by appointment. The constitution provides, in article 3 :

" SEC. 11. All the judicial officers provided for by this article shall be elected at the first election under this constitution, and shall reside in their respective townships, counties or districts during their respective terms of office. In case of vacancy in any judicial office, it shall be filled by appointment of the governor until the next regular election that shall occur more than 30 days after such vacancy shall have happened.

" SEC. 12. All judicial officers shall hold their offices until their successors shall have qualified."

The constitution fixes the time for holding general elections, but does not provide when the term of office of a person elected shall commence. Paragraph 2718 of the General Statutes provides :

"The regular term of office of all state, district and county officers, and of the justices of the supreme court, shall commence on the second Monday of January next after the election, except as otherwise provided by law."

The plaintiff claims that the election and qualification of Parry definitely fixed the limit of Albert's tenure of office and created a vacancy at the end of his

regular term.   The defendant urges that at the time of the death of Parry, the defendant was the duly-elected, qualified and acting probate judge ; that he was lawfully filling the office at that time ; that an office having an incumbent legally entitled to discharge its duties, and actually so doing, cannot be said to be in any sense vacant ; that the appointment made by Governor Lewelling, on the 10th day of January, was made when no vacancy existed, and is therefore inoperative.

The view we take of this case renders it unnecessary to consider either the effect of the subsequent appointment on the morning of the 14th of January, or the nice question discussed as to whether the constitutional limit of the term of a probate, judge to two years means that the term shall be exactly two calendar years, and must always expire on the same day of the month.   Albert's term of office commenced on the 9th of January, 1893, and the appointment having been made on the 10th of January, 1895, was made after the expiration of two calendar years.   Without considering the question which has been somewhat argued by counsel with reference to an alleged conflict between the terms of office fixed by the constitution, and the statute above quoted making the terms always begin on the same day of the week, we shall decide this case as though the statute were valid, and the regular term of office of the defendant continued until the 14th of January.

Under the constitution, judicial officers hold their offices until their successors have qualified.   The term " qualify," used in this connection, has a well-defined meaning.   It means to take such steps as the statute requires before a person elected or appointed to an office is allowed to enter on the discharge of its duties.

In this case, it means to file a sufficient bond to be approved by the county clerk, and take and subscribe the official oath, these being the only prerequisites required of the person elected or appointed. The successor of the defendant had been elected and qualified. He was, then, entitled to take possession of the office on the second Monday in January; and at that time, had he lived, the right of the defendant to occupy would have terminated. The rights of the parties became fixed when Parry qualified. Although the defendant had the right to fill out his unexpired term he had a right to nothing more. Parry's right to occupy the office thereafter had become full and complete. Nothing whatever remained to be done but to assume and enter on the discharge of its duties when the day should arrive. Parry died. This event however, conferred no new right on the defendant. The election and qualification of Parry had put an end to his right to hold over. The argument that an appointment to fill a vacancy cannot be made while there is a person in possession of the office entitled to discharge its duties may appear specious at first blush, but on anything like close consideration will readily be found fallacious. Whenever it is definitely ascertained that a vacancy will certainly occur, it may be filled by appointment. A vacancy occasioned by the death of an incumbent is, of course, not known until the death occurs, but vacancies caused by resignation are usually made and accepted in advance of the time the resignation is to take effect.

In the case of *The State, ex rel., v. Seay,* 64 Mo. 89, a question substantially identical with that presented in this case was under consideration. It appeared that in November, 1868, Gale was elected judge of the ninth judicial circuit, his term of office commencing

on the first Monday in January, 1869. In November, 1874, McCord was duly elected as his successor, received his commission, and took the oath of office. On the 2d of January, after he had qualified, but before the expiration of Gale's term, he died. The governor issued a writ for an election to fill the vacancy. The opinion concludes :

" By the terms of the constitution, Gale's term was to cease when a successor should be elected and qualified. His successor, McCord, was duly elected and duly qualified, and when that occurred Gale's right to hold over ceased, and the death of that successor before his term commenced did not revive a right in Gale which ceased when McCord qualified."

In *The State, ex rel., v. Bemenderfer*, 96 Ind. 374, it was said :

" It cannot be legally possible that when the right to an office has been destroyed or terminated the subsequent death of the person who had been elected, and who had duly qualified, revives the right which the election and qualification had put an end to, for the right to hold over exists only in cases where there is no legally-elected and qualified successor. When the rights of the successor vest, those of the incumbent terminate, and they do vest after election and qualification according to law."

The case of *The State, ex rel., v. Hopkins*, 10 Ohio St. 509, goes further, holding that a vacancy arises on the death of the person elected before qualification. (See, also, Mechem, Pub. Off., § 401.) The general current of authorities would seem to be to the effect, however, that where the death of the successor-elect occurs before he qualifies, the incumbent holds over.

We are clearly of the opinion that there was a vacancy occurring at the end of the regular term of the defendant which the governor might fill by appoint-

11—55 KAS.

ment; and the relator, having been duly appointed and qualified, was entitled to the possession of the office on the 14th day of January, 1895.

Judgment of ouster, and for delivery of the possession of the office to the relator will be entered.  ·

All the Justices concurring.