THE STATE OF KANSAS, ex rel. OSCAR SCHMITZ, as County Attorney, etc., and JOHN S. DAWSON, as Attorney-general, etc., *Plaintiff,* v. F. C. STEWART, *Defendant.*

No. 18,397.

SYLLABUS BY THE COURT.

1. OUSTER—*School Treasurer—Failure to Qualify in Twenty Days —Creates no Vacancy.* The failure without sufficient cause of a school treasurer for more than twenty days after his election to qualify forfeits his right to the office but does not create a vacancy. This can be declared by the county superintendent or some court of competent jurisdiction, only after notice and hearing or an opportunity to be heard.

2. SCHOOL TREASURER—*Qualifying Under the Statute.* Qualification in such case includes taking the oath of office and giving the required bond.

3. OUSTER DISCRETIONARY—*Interests of School District Considered.* The remedy of quo warranto is somewhat discretionary, and when no wrongful motive is shown and it appears that pending an action to remove him for failure to give a timely and proper bond a reëlected school district treasurer who had taken the oath and acted as such officer for more than one year after his reëlection, tendered a good and sufficient bond relating back to the beginning of his current term, the court, while having authority to render a judgment of ouster, is not compelled to do so, there being nothing to indicate that the condition or welfare of the district could be aided thereby.

Original proceeding in quo warranto. Opinion filed November 8, 1913. Judgment for the defendant.

*John S. Dawson,* attorney-general, and *F. P. Lindsay,* of Topeka, for the plaintiff; *J. R. Moreland,* of Eskridge, of counsel.

*J. E. Crawford,* of Eskridge, for the defendant.

The opinion of the court was delivered by

WEST, J.: The state, on the relation of the county attorney and the attorney-general, brought this action to remove the defendant from the office of treasurer of school district No. 63 of Wabaunsee county. In 1908 the defendant was elected, and having served out his term was reëlected in April, 1911. This action was brought in August, 1912, to oust for failure to give a proper bond. The defendant having failed to qualify, and his attention being called to the matter, he tendered a bond in July, 1912, in the sum of $8000, which appears to be about equal to instead of double the amount of money coming into his hands annually. Upon this instrument was an official oath executed by the defendant. Certain objections being made by the clerk to the form of the bond and to the justification, in addition to the sum named in the obligation, he refused to approve or file, although the director was willing to approve. In November, 1912, the defendant tendered another bond naming a penalty of $20,000 on which the sureties justified respectively in the sums of $10,000, $4000 and $10,000, and the defendant in the sum of $5000, the obligation expressly covering the time since April 14, 1911. This the clerk refused to approve. A third bond was offered early in 1913, and rejected.

The statute (Gen. Stat. 1909, §§ 5469, 7444) requires district officers, before entering upon their official duties, to take and subscribe an oath to faithfully perform such duties, and authorizes the chairman of regular and special meetings to administer such oath, but it does not require that it be placed on file. Section 7445 provides that any such officer who shall refuse or

neglect without sufficient cause to qualify within twenty days after his election or appointment shall thereby forfeit his right to the office, and the county superintendent shall thereupon appoint a suitable person in his stead. Section 7458 requires the treasurer to execute a bond in double the amount "as near as can be ascertained" to come in his hands as treasurer "during the year," with sufficient securities, to be approved by the director and clerk, such bond to be justified by the affidavit of the principal and his sureties and to be filed with the district clerk. Section 7443 fixes the term at three years, and until a successor shall be elected and qualified.

The plaintiff contends that the default of the defendant in relation to giving a proper bond justifies an ouster, and that upon his holding over without qualification the sureties on his previous bond were not bound for any default occurring after the close of his original term, or at most for only a reasonable time thereafter, and that the failure to qualify had the effect of leaving the district unsecured for the funds in his hands.

It is urged by the defendant that having continued to act and having been recognized for more than one year by the board, including the clerk, and having attempted to comply with the statute in July, and having tendered a sufficient bond in December, he can not be held to have forfeited his office, and that having held over, and no successor having been appointed and qualified, no one else has become entitled to the office, and that his tender of bonds before judgment of ouster should be deemed a good defense.

It is not claimed that failure without sufficient cause to qualify within twenty days creates a vacancy, but only that it forfeits the right to the office and justifies removal. Just what is meant by "sufficient cause" is difficult to determine, but mere carelessness or neglect to qualify for more than a year could by no process of

reasoning be dignified as in any wise "sufficient." The object of requiring prompt qualification is to secure the funds of the district in the hands of a sworn officer. But his failure does not of itself create a vacancy. He is entitled to notice and hearing before a forfeiture can be declared or a successor by appointment can be installed. (*Jacques v. Litle,* 51 Kan. 300, 33 Pac. 106.) In the case just cited it was deemed unnecessary to decide as to the power of the county superintendent to remove, and while it was stated on the argument that certain appointments were made in the case at bar there was no attempt by that officer to give any notice or provide for any hearing, and no appointee obtained possession of the office. We think the legislature intended that in case of a failure to qualify for more than twenty days the chief school officer of the county who has the power to approve should likewise have authority to hear and determine, after proper notice, the sufficiency or lack of cause. It may well be supposed that in such a situation if the officer should tender a good and sufficient bond so worded as to cover the current term from its beginning, the county superintendent might deem it proper to permit the one chosen by the electors of the district to complete his term rather than to declare the office vacant and place his own appointee therein. The word "qualify" here includes taking an oath and giving bond. (*The State, ex rel., v. Albert,* 55 Kan. 154, 40 Pac. 286; *The State of Ohio v. Neibling,* 6 Ohio St. 40; *The State, ex rel. Elliott, v. Bemenderfer,* 96 Ind. 374; 7 Words and Phrases, pp. 5873-5875.) Anything found in *Horneman v. Harlan,* 47 Kan. 413, 28 Pac. 177, indicating a contrary view may be regarded as unnecessary to the decision in that case.

No reason is suggested why the $20,000 bond was not good and none appears from the record. Had it been approved the funds would have been amply secured, and while it is true that it was not tendered until some

time after this action was begun, and while the defendant could not by this tardy act defeat the state's action, still it does not follow that ouster is imperative. Conceding that the prolonged and needless delay on the part of the defendant affords a legal justification for his removal, still it is manifest that his failure to qualify was not a studied one for the accomplishment of any wrongful object. When his attention was first called to the matter he attempted in a way to meet the requirements, and later did in fact meet them in all respects except that of timeliness. The director was away much of the time after the school meeting of April, 1911. No attempt appears ever to have been made by the clerk and director to fix the amount of the bond, and under all the circumstances it is not perceived that the defendant was actuated by bad motives or that the district which elected him could be benefited by his removal. This action, although brought by the state, should be considered largely with reference to the interests of the school district immediately involved. The remedy of quo warranto is one resting somewhat in judicial discretion, and a technical noncompliance with a statutory requirement does not necessarily and mechanically work an ouster. (*The State v. Bowden,* 80 Kan. 49, 57, 101 Pac. 654; *The State v. Kennedy,* 82 Kan. 373, 108 Pac. 837; 32 Cyc. 1434.)

Assuming that a good and sufficient bond covering the entire term from April 14, 1911, will forthwith be furnished and approved, the relief prayed for is denied, subject to a summary order of ouster on a showing of the defendant's failure to do as indicated.