The State v. Renker.

---

No. 23,736.

THE STATE OF KANSAS, *Appellant,* v. GEORGE RENKER, *Appellee.*

SYLLABUS BY THE COURT.

OUSTER — *School-district Treasurer — Statute of 1911 Not Applicable.* The ouster law of 1911 (Gen. Stat. 1915, §§ 7603-7618), providing for the removal of unfaithful public officials and prescribing a procedure therefor, only relates to such officials as are specifically named therein, and it does not deal with the matter of unfaithful school-district treasurers, there being another statute (Gen. Stat. 1915, § 8952), which specifically and adequately covers the latter subject.

Appeal from Trego district court; ISAAC T. PURCELL, judge. Opinion filed December 10, 1921. Affirmed.

*John R. Parsons,* of Wa Keeney, for the appellant.
*Herman Long,* of Wa Keeney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The state appeals from a judgment in which ouster of a school-district treasurer for alleged misconduct in office and neglect of official duty was denied.

The action was sought to be maintained under the ouster law of 1911 (Gen. Stat. 1915, §§ 7603-7618), which provides for the removal of unfaithful public officers and outlines a procedure therefor. This act provides that "every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township, or city office, who shall willfully misconduct himself in office, or who shall willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state of Kansas," etc., shall forfeit his office and shall be ousted therefrom in the manner prescribed by the statute.

This statute specifies the offices subject to forfeiture under its provisions. *Expressio unius est alterius exclusio.* It does not specify a school-district office, for the very good reason that there is another effective and summary method provided by law for getting rid of a

derelict school-district officer.   Section 8952, General Statutes, 1915, provides:

"Every person duly elected to the office of director, clerk or treasurer of any school district, who  . . .  having entered upon the duties of his office shall neglect or refuse to perform any duty required of him by the provisions of this act, shall thereby forfeit his right to the office to which he was elected or appointed, and the county superintendent shall thereupon appoint a suitable person in his stead."

For the removal of so inconsequential an official as a negligent or unfaithful school-district treasurer the elaborate machinery prescribed by the ouster law of 1911 is unnecessary.   Upon due notice and a fair hearing, the county superintendent has power to determine whether the facts exist which by legislative declaration create a forfeiture of the office of a school-district treasurer. (*The State, ex rel., v. Stewart,* 90 Kan. 778, 781, 135 Pac. 1182.)   True, the case just cited as well as an earlier case (*Jacques v. Litle,* 51 Kan. 300, 33 Pac. 106), recognizes that the question of forfeiture of a school-district office and of the removal of an incumbent who has forfeited his right thereto is a justiciable controversy; but this is apart from the act of 1911 under which this action is attempted to be maintained. Furthermore, if the act of 1911 did apply to school-district officers, before it could have been regularly instituted, the facts of the officer's dereliction should have been submitted by the county attorney to the attorney-general, §§ 7611, 7616; and the latter's approval to the commencement of such action by the county attorney should have been obtained.   This is a statutory prerequisite to the commencement of an action by the county attorney under the ouster law of 1911.

There are other provisions of law authorizing actions by the county attorney for the removal of officials who have forfeited their right to hold their offices, such as section 3594, the procedure for which is outlined in section 3746; but these are inapplicable here.

In view of the foregoing it is needless to consider the appellant's objections to the trial court's refusal to enter judgment of ouster in this case, and the judgment is affirmed.