## SCHAEFFER v. JACKSON.

No. 14562—Opinion Filed Jan. 15, 1924.

Rehearing Denied May 15, 1924.

Second Rehearing Denied Feb. 24, 1925.

1. **Mandamus—Pleadings — Sufficiency of Alternative Writ.**

The only pleadings allowed in a mandamus proceeding are the alternative writ

and the answer or return thereto. And where such alternative writ sets up that the plaintiff has been appointed to the office of clerk of a consolidated school district to fill a vacancy caused by the removal of the defendant from such office by the superintendent of public instruction, and that such predecessor refuses to deliver up the books, papers, seal, and paraphernalia of the office, and fails to allege that such removal was for any of the causes mentioned in section 10353, Comp. Stat. 1921, such alternative writ is insufficient to warrant the court in granting the peremptory writ.

## 2. Same.

An alternative writ of mandamus must show on its face a clear right to the relief demanded and must distinctly set forth all the material facts upon which the plaintiff relies, so that the same may be admitted or traversed. If it fails to do this, it is fatally defective.

## 3. Officers—Removal—Statutory Grounds.

Where a statute provides that an officer may be removed for certain specified causes, the order of removal must be based upon some one or all of such causes, and cannot be made for other causes.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action brought by J. W. Schaeffer to procure a writ of mandamus against J. B. Jackson. Judgment by the court in favor of the defendant and against the plaintiff, to which ruling of the court the plaintiff excepted, and appeals to this court. Affirmed.

Womack, Brown & Cund, for plaintiff in error.

Sandlin & Winans, for defendant in error.

Opinion by DICKSON, C. On the 16th day of May, 1923, upon the application of the plaintiff in error, J. W. Schaeffer, the district court of Stephens county issued an alternative writ of mandamus against the defendant in error, J. B. Jackson. The parties will be hereafter referred to as plaintiff and defendant, as they appeared in the trial court.

It is set out in said alternative writ, in substance: (1) That the plaintiff was, on the 24th day of April, 1923, appointed to the office of clerk of consolidated school district No. 21 of Stephens county by the superintendent of said county.

(2) That the defendant J. B. Jackson was on said day removed from the office of clerk of said consolidated school district by said superintendent, as provided by the statutes of the state of Oklahoma.

(3) That said defendant is now in the possession of the books, papers, seal, and paraphernalia of said office, and fails and refuses to deliver them to the plaintiff.

On the 23rd day of May, 1923, the defendant filed his answer and return to said alternative writ: (1) Challenging the sufficiency thereof; (2) denying each and every allegation therein contained; and, (3) set up that the defendant was in the full possession of said office and performing all of his duties as such officer.

The court denied the peremptory writ and dismissed the case, and the plaintiff has appealed to this court, and assigns as error the overruling of his motion for judgment on the pleadings, and the judgment of the court denying the writ. It is admitted by the pleadings that the defendant was the duly elected and acting clerk of said consolidated school district. The plaintiff, however, contends that said defendant was removed from that office, and the plaintiff was legally appointed thereto.

The proceedings were had under the provisions of section 10353, Comp. Stat. 1921, as follows:

"Every person duly elected to the office of director, clerk, or member of any school board who shall refuse or neglect without sufficient cause to qualify, within twenty days after his election or appointment, or who having entered upon the duties of his office shall neglect or refuse to perform any duty required by the provisions of this article, shall thereby forfeit his right to the office to which he was elected or appointed, and the county superintendent of public instruction shall thereupon appoint a suitable person in his stead."

Assuming that under this section the superintendent of public instruction has power to remove a district officer and appoint a successor, it is clear that such removal could be made only for the causes mentioned in the statute. There is no power in this section conferred upon the superintendent to remove an officer of a school district upon his own will and pleasure. It must appear that the district officer has refused or neglected without sufficient cause to qualify within 20 days after his election or appointment, or has neglected or refused to perform some duties required of him by the provisions of the statute. In Village of Kendrick v. Nelson (Idaho) 89 Pac. 755, 12 Ann. Cas. 993, it is said:

"Where a statute provides that an officer may be removed for certain specified causes, the order of removal must be based and

founded upon some one or all of such causes, and cannot be made for other causes."

The writ in this case simply charges that the defendant was removed from said office by the superintendent of Stephens county, Okla., "as provided by the statute of the state of Oklahoma." This, at best, is a mere conclusion, and is wholly insufficient to warrant a court in granting the peremptory writ. Section 454, Comp Stat. 1921, is as follows:

"No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner as pleadings in a civil action; and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action."

See, also, Commercial Nat. Bank v. Robinson et al., 66 Okla. 235, 168 Pac. 810.

Under the provisions of this section it is manifest that the evidence must be confined to the allegations contained in the writ and answer or return, and the writ cannot be aided by the original petition or application, especially in this case when it is not pleaded by reference or otherwise.

"The alternative writ of mandamus is generally regarded as standing in the place of the declaration in an action at common law, or as corresponding to the complaint or petition in an ordinary action, and it is usually deemed to be the first pleading in the cause. * * * It must therefore, show on its face a clear right to have the thing sought by it done, and by the persons or body sought to be coerced, and failing to do so it will not support a judgment." 18 R. C. L., sec. 294, page 341.

It appearing from the alternative writ that the defendant was in the office, and it not appearing that the superintendent of public instruction had removed him for any cause known to the statute, said writ was insufficient to warrant the court in granting the peremptory writ. We therefore recommend that the judgment appealed from be affirmed.

By the Court: -It is so ordered.