## ANGLE et al. v. BLAKE et al.

No. 16481—Opinion Filed Nov. 10, 1925.

(Syllabus.)

### Mandamus—Right to Elective Office — Insufficiency of Showing.

While, as a general rule, when the petitioner or relator makes proof of a certificate of election duly issued by the properly constituted election officers, he thereby presents prima facie evidence of his right to the office, provided he shows that he has qualified as required by law, yet where the defendants, against whom plaintiffs seek a peremptory writ of mandamus, affirmatively

plead that they have been, prior to that date and at a time authorized by law, duly elected for a period of time which would carry their tenure of office two years into the period for which the plaintiffs assert they were elected, and the plaintiffs do not negative the same, there is no such clear right shown to the relief of mandamus as the law requires, and this court will not reverse the district court in refusing to grant same.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Mandamus by W. M. Angle and others against H. T. Blake and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Womack, Brown & Cund and Sullivan & Rice, for plaintiffs in error.

Sandlin & Winans, for defendants in error.

BRANSON, V. C. J. The plaintiffs in the court below are the plaintiffs in error here. In the trial court, they secured an alternative writ of mandamus against the defendants, the purpose of which, as prayed in their petition, was, to wit:

"Wherefore, plaintiffs, · being otherwise without remedy, pray this honorable court to issue a writ of mandamus requiring and compelling the defendants to comply with their statutory duty in the premises, and to turn over and deliver to the plaintiffs all the books, papers, seal, and paraphernalia pertaining to the office of clerk of the board of education of said school district, and also to turn over and deliver to the plaintiffs all the records, property, and funds of said school district, and for such other and further relief as may be proper, and to which the plaintiffs may be entitled."

The school district in question is independent school district No. 1 of Stephens county, Okla., and embraces the city of Duncan and outlying territory adjacent thereto. There are five members of the board of education of said independent school district, one from each of the four wards of the city of Duncan and one from the outlying district. For some reason not apparent from the pleadings or the record, five candidates were nominated at the primary of 1925, and were on the general election ballot for election to the five places of membership on said board. The five who were candidates were W. M. Angle, H. W. Sitton, W. H. Jones, O. E. Ryan, and Alton Tucker. The first three named are the plaintiffs in this action; the last two named are among the defendants in this action. The petition on which the alternative writ of mandamus was issued alleged that the plaintiffs were

candidates and nominated in the primary and were duly elected in the general election held in the spring of 1925, as members of the board of education of said independent school district, and that they constituted a majority of said board; that they had duly qualified and organized as provided by law, and had made demand upon the defendants, H. T. Blake, E. J. Leeman, C. T. Lawrence, O. E. Ryan, and Alton Tucker, for the delivery of those things prayed for in the petition for writ of mandamus, and the said defendants refused to deliver same. On the return date of the alternative writ, the defendants filed answer or response, in which they admitted many things pleaded by the plaintiffs, some of which will be mentioned hereinafter. The defendants pleaded affirmatively that at the school election required to be held under the general law of the state in the spring of 1923, the defendants H. T. Blake, E. J. Leeman, and C. T. Lawrence were duly elected; that they qualified —each to serve for the term of years provided by law; that the other defendants, O. E. Ryan and Alton Tucker, ran in wards 2 and 4 in the election of 1925, and were the duly elected members of said board from said wards, and that the other members were hold-over members of said board, having been elected as above indicated, and that their tenure of office had not yet expired. For such reasons, the defendants say that they ought not to be required to turn over to the plaintiffs the books, records, etc., as plaintiffs pray.

It is not in dispute between the parties that the election and tenure of office of the members of said board is governed by section 10409, C. O. S. 1921. Reference is made to said section for its provisions. Plaintiffs do not deny that the defendants O. E. Ryan and Alton Tucker are properly members of the school board of said district, but expressly admit that they are proper members, and plead that they were invited to organize the board along with the three plaintiffs in this action, but that the said defendants Ryan and Tucker affiliated with the defendants Blake, Leeman, and Lawrence, and that the last-named five were continuing to perform the duties of the board of education of said district. In brief, here is the situation as raised by the verified pleadings:

The plaintiffs and the defendants Ryan and Tucker were all elected at the election in 1925. The defendants Blake, Leeman, and Lawrence were elected in 1923 for a period of 4 years. Their answer alleges that they were the duly elected, qualified

and acting members under said section of the statute.

The legal contention made by the plaintiffs is that they were nominated and elected to serve from their respective portions of said school district, and certificate of election was issued to them. This is the extent to which their evidence goes. They neither plead nor offer proof that the places on said board occupied by the defendants Blake, Leeman, and Lawrence, which they seek to take by virtue of the said election certificates, were under the law vacant, or would become vacant under said section of the statute. But they say that their election as evidenced by their certificate makes out a prima facie case of their right to the office, and that in order to secure the records, etc., for which this action is brought, they are not required to prosecute quo warranto proceedings to secure the offices, but that mandamus is the proper remedy to secure the records, etc., having made such showing.

In support of their contention, they cite the cases of Matney v. King, 20 Okla. 22, 93 Pac. 737; Ewing v. Turner, 2 Okla. 94, 35 Pac. 951; Cameron v. Parker, 2 Okla. 277, 38 Pac. 14; State ex rel. Love v. Smith, 43 Okla. 231, 142 Pac. 408.

As far as the cases cited are applicable to the pleadings and the evidence in this case, it might be conceded that they are at least partially in point, but it seems clear to us that the plaintiffs overlook the answer filed to the alternative writ, duly verified, reciting that in 1923 the defendants Blake, Leeman, and Lawrence were duly and regularly elected for a period of 4 years, and plaintiffs concede that the defendants Ryan and Tucker are properly members of the school board, but say they wrongfully refused to affiliate with them. There is nothing in the record which denied this allegation of the answer. It is a well-settled rule of this court that before a peremptory writ of mandamus will issue, it must appear from the pleadings and the evidence that the applicants therefor are clearly entitled to the writ, otherwise it will be denied.

We think that the allegation made by the defendants Blake, Leeman, and Lawrence drew in issue the fact that there was no vacancy under the law in the places sought to be filled by the plaintiffs, and before plaintiffs could show a sufficient right to be given the relief sought by mandamus, it would be necessary that they overcome the allegation that the last named defendants had been duly elected and had been duly qualified, and were acting as regular members, and that their term of office had not expired under the law. Schaeffer v. Jackson, 106 Okla. 194, 225 Pac. 961. The record in this case fails to disclose such a clear right on behalf of the plaintiffs to the peremptory writ. The judgment of the trial court denying same is affirmed.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 20 C. J. p. 250, § 347; 38 C. J. pp. 691, § 260; 916, § 673.